ACCEPTED
13-14-00644-CV
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
12/30/2014 6:19:19 PM
DORIAN RAMIREZ
CLERK

# No. 13-14-00644-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS

12/30/2014 6:19:19 PM

DORIAN E. RAMIREZ
Clerk

**IN THE COURT OF APPEALS**
**FOR THE THIRTEENTH DISTRICT OF TEXAS**
**AT CORPUS CHRISTI & EDINBURG**

_____

**LAREDO NATIONAL BANK D/B/A BBVA COMPASS BANK**
*Appellant*,

v.

**MYRNA ELIZABETH DE LUNA MORALES,**
*Appellee*.

---

On Appeal from the 107th Judicial District Court of Cameron County, Texas, the Honorable Benjamin Euresti, Jr., Presiding

---

**SECOND AMENDED BRIEF OF APPELLANT**

---

| | |
|---|---|
| Selim H. Taherzadeh | Michelle Peritore |
| Taherzadeh, PLLC | Taherzadeh, PLLC |
| State Bar No. 24046944 | State Bar No. 24088212 |
| st@taherzlaw.com | mp@taherzlaw.com |
| 5080 Spectrum Drive, Suite 1000 East | 5080 Spectrum Drive, Suite 1000 East |
| Addison, TX 75001 | Addison, TX 75001 |
| Tel. (469) 791-0445 | Tel. (469) 791-0445 |

**ATTORNEYS FOR APPELLANT**

**ORAL ARGUMENT REQUESTED**

**December 30, 2014**

## IDENTITY OF PARTIES AND COUNSEL

*Appellant*:

Laredo National Bank D/B/A BBVA Compass Bank

Trial and Appellate Counsel for *Appellant*:

Selim H. Taherzadeh, Trial and Appellate Counsel
Taherzadeh, PLLC
st@taherzlaw.com
5080 Spectrum Drive, Suite 1000 East
Addison, TX 75001
Tel. (469) 791-0445
Fax (469) 828-2772

Michelle Peritore, Appellate Counsel
Taherzadeh, PLLC
mp@taherzlaw.com
5080 Spectrum Drive, Suite 1000 East
Addison, TX 75001
Tel. (469) 791-0445
Fax (469) 828-2772


*Appellee*:

Myrna Elizabeth De Luna Morales

Trial and Appellate Counsel for *Appellee*:

Law Office of Noe Robles
23331 Tamm Lane
Harlingen, Texas 78552
Tel. (956) 440-8200
Fax (956) 440-8205
nrobelslawoffice@aol.com

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rules of Appellate Procedure 39.1, Appellant requests oral argument and submits that it would materially aid this Court's decision.

## RECORD REFERENCES

The references to the record used in this Brief are:

CR ___:  Refers to the Clerk's Record and page number(s).

RR ___:  Refers to the Reporter's Record and page number(s).

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ................................................................ i

STATEMENT REGARDING ORAL ARGUMENT ...................................................... ii

RECORD REFERENCES ...................................................................................... ii

TABLE OF CONTENTS ...................................................................................... iii

TABLE OF AUTHORITIES .....................................................................................v

STATEMENT OF THE CASE ..................................................................................x

ISSUE PRESENTED.......................................................................................... xi

INTRODUCTION..................................................................................................1

STATEMENT OF THE FACTS.................................................................................2

    A.   The Parties' Agreement ..................................................................2

    B.   Appellee's Default and the Foreclosure Sale..............................3

    C.   The Course of Litigation .................................................................5

SUMMARY OF THE ARGUMENT ..........................................................................6

ARGUMENT ......................................................................................................8

  I.      District Court Should Not Have Issued an Injunction to Stop the Forcible Detainer Action from Proceeding in the Justice Court....................9

    A.  Appellant has the Right to Possession of the Premises.....................9
    B.  Appellant's Action in Justice Court Should Not Have Been Interrupted by the District Court…………………………………………………10

  II.    Appellee Can Not Establish the Three Elements Required to Issue a Temporary Injunction.........................................................................12

    A.  Appellee has no Cause of Action against Appellant or Probable Right to Recovery on Trial on the Merits…………………...……………… 13
      i.   Appellant's Deception……………………………………………13
      ii.   Appellant's Breach of Contract………………………………...17
      iii.  Breach of Fiduciary Duty or Duty of Good Faith and Fair Dealing…..19
      iv.  Negligence………………………………………………………..21
      v.   Trespass to Try Title……………………...…………………….23
      vi.  Wrongful Foreclosure…………………………………………….24
      vii.  Breach of Trustee's Duties……………………………………….26

   B. Appellee Cannot Show a Probable, Imminent, and Irreparable Injury in the Interim…………………………………………………………26

   C. Temporary Injunction Should Be Declared Void……………………..29

   D. The Bond Should Be Increased…………………………………31

PRAYER FOR RELIEF ..............................................................................................32

CERTIFICATE OF SERVICE.....................................................................................34

CERTIFICATE OF COMPLIANCE ...........................................................................34

APPENDIX

   Tab A:       Order Granting Temporary Injunction - 107th District Court, Cameron County Texas, Cause No. 2014-DCL-02962

   Tab B:       Compass Bank's Motion To Dissolve Temporary Injunction Order or in the Alternative to Modify the Order - 107th District Court, Cameron County Texas, Cause No. 2014-DCL-02962

   Tab C:       Plaintiff's Response To Defendant's Motion(s) to Dismiss and Defendant's Motion to Dissolve Temporary Injunction Order and Alternatively, Plaintiff's Motion to Reset Hearing on Motions - 107th District Court, Cameron County Texas, Cause No. 2014-DCL-02962

   Tab D:       Compass Bank's Reply to Plaintiff's Response to Defendant's Motion to Dismiss and Motion to Dissolve Temporary Injunction Order - 107th District Court, Cameron County Texas, Cause No. 2014-DCL-02962

   Tab E:       Order Denying Motion to Dissolve Temporary Injunction - 107th District Court, Cameron County Texas, Cause No. 2014-DCL-02962

   Tab F:       Texas Rules of Civil Procedure 683

**Cases**

*Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644, 649 (Tex. 1996). ...........................15

*Bank of America v. Babu,* 340 S.W.3d 917, 928 (Tex. App. 2011) .......................21

*Baucum v. Great American Insurance Co. of New York,*
370 S.W.2d 863, 866 (Tex. 1963)...................................................................28

*Biodynamics, Inc. v. Guest*, 817 S.W.2d 128, 131 (Tex. App.-- Houston
[14th Dist.] 1991, writ dism'd by agr.)...........................................................32

*Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 626 (S.D. Tex. 2010) ....19

*Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)..................................9

*Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 539 (Tex. 1981) .................15

*Cardinal Health Staffing Network, Inc. v. Bowen*, 106 S.W.3d 230, 236-37
(Tex. App.—Houston [1st Dist.] 2003, no pet.) (en banc) ..................................9

*Case Corp. v. Hi-Class Business Systems of America, Inc*., 184 S.W.3d 760,
769–70 (Tex. App.—Dallas 2005, pet. denied)……………………………………...18

*Coleman v. Bank of America, N.A.,* No. 3:11-CV-430-G-BD,
2011 WL 2516169, at *1 (N.D. Tex. May 27, 2011), rec. adopted,
2011 WL 2516668 (N.D. Tex. June 22, 2011). ................................................20

*Dewayne Rogers Logging, Inc. v. Propac Industries, Ltd.,*
299 S.W.3d 374, 382–83 (Tex. App.—Tyler 2009, pet. denied). .......................22

*D.S.A., Inc. v. Hillsboro Independent School District,*
973 S.W.2d 662, 663 (Tex. 1998).....................................................................22

*Durkay v. Madco Oil Co.,* 862 S.W.2d 14, 21
(Tex. App.—Corpus Christi 1993, writ denied)…………………………………...27

*English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983)……………………………20

*Fillion v. David Silvers Co.,* 709 S.W.2d 240, 246 (Tex. App.—Houston
[14th Dist.] 1986, writ ref'd n.r.e.). .............................................................. 27,28

*FDIC v. Coleman,* 795 S.W.2d 706, 709 (Tex. 1990)……………………………20

*Ford v. Exxon Mobil Chem. Co.,* 235 S.W.3d 615, 618 (Tex. 2007)......................23

*Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d
41, 45–47 (Tex. 1998) .....................................................................................22

*Galvan v. Centex Home Equity Co., L.L.C.,* No. 04–06–00820–CV, 2008 WL 441773,
at *4 (Tex. App.—San Antonio Feb. 20, 2008, no pet.) (mem. op.)….27

*Gatling v. CitiMortgage, Inc.,* No. H-11-2879, 2012 WL 3756581,
at *13 (S.D. Tex. Aug. 28, 2012)…………………………………………………16

*Great American Insurance Co. v. North Austin Municipal
Utility District No. 1,* 908 S.W.2d 415, 418 (Tex. 1995) ...................................19

*Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990).........22

*Grella v. Berry,* 647 S.W.2d 15, 18 (Tex. App.—Houston 1982)…………………...28

*GTE Mobilnet of South Texas Ltd. Partnership v. Cellular Max, Inc.,*
123 S.W.3d 801 (Tex. App. – Beaumont 2003, review dismissed) ...................32

*Hall v. Resolution Trust Corp.,* 958 F.2d 75, 79 (5th Cir. 1992) ...........................21

*HeilCo. v. Polar Corp.*, 191 S.W.3d 805, 815–18 (Tex. App.—Fort Worth 2006,
pet. denied)……………………………………………………………………22

*Intercontinental Terminals Co., LLC v. Vopak N. Am., Inc.,*
354 S.W.3d 887, 892 (Tex.App.—Houston [1st Dist.] 2011, no pet.)................30

*Jaimes v. Fannie Mae*, 03-13-00290-CV, 2013 Tex. App. LEXIS 14615,
(Tex. App. Dec. 4, 2013). ................................................................................9

*Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617, 618 (Tex. 1986).......................22

*Kassim v. Carlisle Interests, Inc.,* 308 S.W.3d 537, 541
(Tex. App.—Dallas 2010)................................................................................12

*King v. Wells Fargo Bank, N.A.*, 3-11CV-0945-M-BD, 2012 WL 1205163,
at *2 (N.D. Tex. Mar. 20, 2012) .......................................................................18

*Kiper v. BAC Home Loans Servicing, LP*, 884 F. Supp. 2d 561, 573 (S.D. Tex. 2012).
..........................................................................................................................23

*Lambert v. First National Bank of Bowie*, 993 S.W.2d 833, 835
(Tex. App.—Fort Worth 1999, pet. denied)…………………………………….27

*La Sara Grain Co. v. First Nat'l Bank of Mercedes,* 673 S.W.2d 558, 564
(Tex. 1984)..………………………………………………….......15

*Liberty Lending Servs. v. Musselwhite,* 1999 WL 649131 (Tex. App.--[14th} Houston)
..........................................................................................................................31

*Lovell v. Western National Life Insurance Co.*, 754 S.W.2d 298, 302–03 (Tex.App.—
Amarillo 1988, writ denied)………………………………………….20

*Marketic v. U.S. Bank Nat. Ass'n,* 436 F. Supp. 2d 842, 855 (N.D. Tex. 2006).....15

*Martin v. Amerman,* 133 S.W.3d 262, 265 (Tex. 2004). .......................................23

*Matthews v. Wells Fargo Bank, N.A.*, No. 3-10-CV-O-BD, 2011 WL 2429153,
at *1 (N.D. Tex. May 27, 2011)..........................................................................25

*McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984). ..................................7,10

*Milton v. U.S. Bank National Ass'n,* 508 F. App'x 326, 329–30
  (5th Cir. 2013)......................................................................................................20

*Moreno v. Baker Tools, Inc.*, 808 S.W.2d 208, 210 (Tex.App—Houston
  [1st dist.] 1991, no writ)......................................................................................30

*Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009)............................17

*Nelson v. Wells Fargo Home Mortg.,* No. 3:10-CV-1771-O,
  2012 WL 6928579, at *6 (N.D. Tex. Nov. 5, 2012)............................................16

*Nichamoff v. CitiMortgage, Inc.*, No. H-12-1039, 2012 WL 4388344,
  at *3-4 (S.D. Tex. Sept. 25, 2012)…………………………………………..16

*Northcutt v. Waren,* 326 S.W.2d 10, 10 (Tex.Civ.App. -- Texarkana 1959,
  writ ref'd n.r.e.)....................................................................................................30

*Pachter v. Woodman,* 534 S.W.2d 940, 945–46 (Tex. Civ. App.—Tyler 1976), rev'd
  on other grounds, 547 S.W.2d 954 (Tex. 1977)..................................................28

*Peoples v. BAC Home Loans Servicing, L.P.*, No. 4:10-CV-489-A, 2011 WL 1107211,
  at *4 (N.D. Tex. Mar. 25, 2011)………………………………….......25

*Phillips v. Latham,* 523 S.W.2d 19, 24–25 (Tex. Civ. App.—Dallas 1975, writ ref'd
  n.r.e.); ...................................................................................................................28

*Price v. Reeves,* 91 S.W.2d 862, 865 (Tex. Civ. App.—Fort Worth 1936, writ dism'd).
  ...............................................................................................................................28

*Quest Comm. Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000). .................30

*Reyna v. State National Bank*, 911 S.W.2d 851, 855–56
  (Tex. App.—Fort Worth 1995, writ denied)................................................ 24,26

*Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex. 1980)..........................15

*Sadler v. Duvall*, 815 S.W.2d 285, 293, n.2 (Tex. App.—Texarkana 1991,
  pet. denied)............................................................................................................24

*Saenz v. JPMorgan Chase Bank, N.A.*, No. 7:13-CV-156, 2013 WL 3280214,
  at *2 (S.D. Tex. Jun. 27, 2013). ........................................................ …………..27

*Sandhar v. Grewal,* No. H-08-2348, 2009 WL 175073, at *4
  (S.D. Tex. Jan. 23, 2009)…………………………………………………………18

*Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus
  Christi 2008, no pet.).............................................................................................25

*Scott v. Hewitt*, 90 S.W.2d 816, 819 (Tex. 1936). ........................................ 2,7,12

*Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 748 (E.D. Tex. 2013). .....24

*Smith v. Hamb*y, 609 S.W.2d 866, 868 (Tex.Civ.App. -- Fort Worth 1980,
  no writ).........................................................................................................30

*Southwestern Bell Telephone Co. v. DeLanney*, 809 S.W.2d 493, 494–95
  (Tex. 1991).....................................................................................................22

*Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 466
  (5th Cir. 2003)…...........................................................................................21

*Thomas v. EMC Mortgage Corp.*, No. 4:10-CV-861-A, 2011 WL 5880988,
  at *6 (N.D. Tex. Nov. 23, 2011) ...................................................................25

*TMC Med., Ltd. v. Lasaters French Quarter P'ship*, 880 S.W.2d 789, 791
  (Tex. App.--Tyler 1993). ..........................................................................1,11

*Truly v. Austin*, 744 S.W.2d 934, 938 (Tex. 1988)………..……………..……..27

*UMLIC VP LLC v. T&M Sales & Environmental Systems, Inc.*,
  176 S.W.3d 595, 612 (Tex. App.—Corpus Christi 2005, pet. denied) ...............20

*University Interscholastic League v. Torres*, 616 S.W.2d 355, 357-58 (Tex.Civ.App --
  San Antonio 1981, no writ) ..........................................................................30

*Visconti v. Bank of America,* No. 4:10-CV-532, 2012 WL 3779083,
  at *4-5 (E.D. Tex. Aug. 31, 2012)...……………………………………………16

*Vogel v. Travelers Indemnity Co.*, 966S.W.2d 748, 753
  (Tex. App.—San Antonio 1998, no pet.)…………………………………….20

*Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 731 (E.D. Tex. 2011)………20

*White v. BAC Home Loans Servicing, LP*, No. 3:09-CV-2484-G, 2010 WL 4352711, at
  *5 (N.D. Tex. Nov. 2, 2010)...……………………………………....27

*Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 192
  (S.D. Tex. 2007)..........................................................................................19

*Williams v. Federal National Mortgage Ass'n*, No. 2:11-CV-157-J,
  2012 WL 443986, at *4 (N.D. Tex. Feb. 13, 2012)…………………………22

*Woods v. Bank of America, N.A.*, No. 3:11-CV-1116-B, 2012 WL 1344343,
  at *7 (N.D. Tex. April 17, 2012)…………………………………………17

*1001 McKinney Ltd. V. Credit Suisse First Boston Mortgage Capital,*
  192 S.W.3d 20, 36 (Tex App. 2005)…………………………………….....19

viii

**<u>Statutes</u>**

TEX. R. CIV. P. 683……………………………………………………………29

TEX. R. CIV. P. 684……………………………………………………………31

## STATEMENT OF THE CASE

*Nature of the case*    Appeal of Order Denying Appellant Compass Bank's Motion to Dissolve or a Temporary Injunction.

*Course of proceedings*    Appellant Compass Bank sought to exercise its rights to possession as owner of a property following a valid foreclosure sale on April 1, 2014. On May 12, 2014, Appellee filed its Original Petition. CR 7. On June 4, 2014, Appellant Compass Bank filed its Motion to Dismiss and Motion for Sanctions. CR 59. On June 16, 2014, Appellant filed a Motion to Deny the Temporary Injunction. CR 241. On June 26, 2014, the Court entered an Order granting the Appellee's Request for a Temporary Injunction. CR 372. On August 1, 2014, the Appellant filed a Motion for Summary Judgment. CR 522. On September 23, 2014, the Appellant filed a Motion to Dissolve Temporary Injunction Order or in the Alternative to Modify the Order. CR 667. On October 31, 2014, the Court entered an Order Denying the Appellant's Motion to Dismiss, Motion for Summary Judgment and Motion to Dissolve the Temporary Injunction. CR 684-86.

*Disposition below*    Order Denying Appellant's Motion to Dissolve Temporary Injunction Order or In the Alternative to Modify the Ordered Entered. Order Denying Appellant's Motion to Dismiss and Order Denying Appellant's Motion for Summary Judgment Entered. CR 684-86.

x

## ISSUE PRESENTED

Did the Trial Court Err in Denying Appellant's Motion to Dissolve Temporary Injunction when:

1.) Appellant has a Right to Immediate Possession of the Premises;

2.) Appellee has No Valid Cause of Action against Appellant or Probable Right to Recovery on Trial on the Merits;

3.) Appellee Cannot Show a Probable, Imminent, and Irreparable Injury in the Interim; and

4.) The Temporary Injunction Order fails to comply with the Texas Rules of Civil Procedure.

The Trial Court erred in denying the Appellant's Motion to Dissolve Temporary Injunction because Appellant has the right to immediate possession of the Premises, the Appellee cannot establish the three elements required for the issuance of a temporary injunction, and the temporary injunction order, as signed, does not comply with the Texas Rules of Civil Procedure. When Appellee defaulted on her loan, Appellant foreclosed on the Property in accordance with the Note and Deed of Trust. RR 29, CR 276. After the foreclosure sale, Appellee remained in possession of the Property, and the Appellant had to file a forcible detainer action in Justice Court in order to obtain possession of the Property. RR 21. As a result, the Appellee filed a petition in District Court in order to enjoining the parties from proceeding on the forcible detainer action. CR7. On June 26, 2014, the District Court issued a Temporary Injunction enjoining the parties from proceeding on the forcible detainer action in Justice Court. CR 372.

The Justice Court has the jurisdiction alone to determine the immediate possessory rights of the parties. *TMC Med., Ltd. v. Lasaters French Quarter P'ship,* 880 S.W.2d 789, 791 (Tex. App.--Tyler 1993). Therefore, title disputes in District Court can proceed concurrently with forcible detainer actions in Justice Court. Permitting parties to abate forcible detainer actions simply by filing suit in

1

District Court frustrates the legislative intent of forcible detainer proceedings designed to be an inexpensive and speedy remedy "for the determination of who is entitled to possession of the premises." *Scott v. Hewitt*, 90 S.W.2d 816, 819 (Tex. 1936). The Appellant's action in Justice Court should not have been interrupted by the Appellee's action in District Court.

Even if it would have been appropriate to issue a temporary injunction, neither the pleadings nor the evidence presented support likelihood of success on any of the merits of a cause of action that could support rescission of the foreclosure sale. Since rescission is not available, then it was improper for the District Court to enjoin the eviction proceedings pending the outcome of the underlying suit.

The District Court should not have denied the Appellant's Motion to Dissolve the Temporary Injunction, and this Court should reverse the Trial Court's order.

## STATEMENT OF THE FACTS

### A. The Parties' Agreement

On January 24, 2006, Myrna Elizabeth de Luna Morales ("Appellee") signed a 30-year loan agreement (the "Note" or "Loan") in which she agreed to repay $291,200.00 to Laredo National Bank ("the Appellant") in monthly installments of $1,937.37 beginning March of 2006. Appellee obtained the loan so that she could purchase a home located at 6503 Fountain Way, South Padre Island, TX 78597 ("Premises" or "Property"). CR 264.

On January 24, 2006, Appellee executed a deed of trust in which she agreed to repay the amount owed to Appellant in accordance with the note and conveyed the home to a trustee as security for their repayment. CR 262. Under the deed of trust, Appellant agreed that it shall give notice to Appellee prior to acceleration following Appellee's breach of any covenant or agreement. CR 276. If Appellee failed to cure her default, Appellant was entitled to require immediate payment in full of all sums secured without further demand and to invoke the power of sale. CR 276.

If Appellant invoked the power of sale, Appellee authorized the trustee or, any subsequently appointed trustee, to sell the home to the highest bidder for cash and agreed that Appellant was allowed to purchase the home at any such sale. CR 276. Sale under this provision immediately required Appellee to surrender possession of the home to the purchaser or become a tenant at sufferance. CR 277.

**B. Appellee's Default and the Foreclosure Sale**

3

On January 8, 2014, Appellant sent Appellee a notice specifying that (a) Appellee was in default of her loan by failing to make the required payments for six consecutive months, (b) Appellee must cure the default by paying $19,919.83, (c) Appellee must cure the default on or before February 7, 2014, and (d) failure to cure the default by February 7, 2014, would result in all sums secured by the Deed becoming immediately due and payable. CR 215; RR 27. Appellee did not cure the default by February 7, 2014. RR 27. On February 10, 2014, Appellant sent Appellee a Notice of Acceleration and Notice of Sale notifying Appellee that Appellant was exercising its power of sale, and that the foreclosure sale would take place on March 4, 2014. CR 224; RR 27-29. Appellee's former counsel contacted Appellant on February 26, 2014. Appellee's former counsel informed Appellant that the Appellee was working on various ways to obtain the funds to reinstate the Loan or satisfy the Loan in its entirety. Additionally, Appellee's former counsel stated that Appellee was confident she could get the money put together in the next thirty (30) days and/or get the subject property sold. Relying on that statement, Appellant agreed to postpone the sale until April 1, 2014. RR 29.

Appellee's former counsel informed Appellant on March 20, 2014 that the alleged new purchaser had got cold feet and the sale was not going to go through. RR29. Appellee's former counsel subsequently requested a second postponement of

the foreclosure sale because Appellee believed she had another potential purchaser but that it would not close until after the foreclosure sale. RR 31. Appellant, via its attorney, informed Appellee's former counsel that the request for a second postponement of the foreclosure was denied.

The foreclosure sale occurred on April 1, 2014 as noticed, and Appellant purchased the home for $308,000.00. CR 238. The deed of trust authorizing the sale provides that upon occurrence of a non-judicial foreclosure sale, Appellee is to surrender the Premises to the Purchaser at such sale or be deemed to be a tenant at sufferance. CR 277. Appellee is currently in possession of the premises. RR 21. Appellant brought a forcible detainer action in a Justice Court. Appellee subsequently requested and obtained a temporary injunction in District Court and impeded the Appellant from continuing the forcible detainer action in the Justice Court. CR 7.

### C. The Course of Litigation

The Appellee's Original Petition was filed on May 12, 2014. CR 7. Appellant Compass Bank filed its Original Answer on May 23, 2014. CR 51. A temporary injunction hearing was held on May 27, 2014. As a result of a Rule 11 Agreement, the hearing was reset for June 5, 2014. CR 54. The temporary injunction hearing was held on June 5, 2014, and the temporary restraining order was extended to June 18, 2014. Appellant Compass Bank filed a Motion to

5

Dismiss and Motion for Sanctions on June 4, 2014. CR 59. On June 11, 2014, the Appellee filed its First Amended Petition. CR 194. On June 16, 2014, Appellant filed a Motion to Deny Temporary Injunction. CR 241. On June 26, 2014, Appellant filed a Second Motion to Deny Temporary Injunction. CR 376. The Trial Court entered an order granting a Temporary Injunction on June 26, 2014. CR 372. On July 28, 2014, Appellant filed its Second Motion to Dismiss. CR 508. On August 1, 2014, Appellant filed a Motion for Summary Judgment. CR 522. On September 9, 2014, Appellant filed a Motion to Dissolve Temporary Injunction Order or in the Alternative to Modify the Order. On October 31, 2014, the Trial Court entered an Order denying the Motion to Dissolve the Temporary Injunction. CR 684. On October 31, 2014, the Court also entered an Order denying Appellant's Motion to Dismiss and an Order Denying Appellant's Motion for Summary Judgment. CR 684-86. As a result, this Appeal ensued.

## SUMMARY OF THE ARGUMENT

The District Court should not have issued a temporary injunction to stop the forcible detainer action from proceeding in the Justice Court. Notwithstanding the fact that the Appellee cannot establish the three elements required for the issuance of a temporary injunction, Appellant's action in Justice Court should not have been interrupted by the Appellee's claim in District Court. Forcible entry and detainer

6

proceedings are intended to be "summary, speedy, and inexpensive." *See McGlothlin v. Kliebert,* 672 S.W.2d 231, 232 (Tex. 1984). Permitting parties to abate forcible detainer actions simply by filing suit in District Court frustrates the legislative intent of forcible detainer proceedings designed to be an inexpensive and speedy remedy "for the determination of who is entitled to possession of the premises." *Scott v. Hewitt*, 90 S.W.2d 816, 819 (Tex. 1936).

Because Appellant has the right to immediate possession of the premises, the adequate remedy at law for Appellee is defending oneself in Justice Court. *See McGlothlin v. Kliebert,* 672 S.W.2d 231, 232 (Tex. 1984). When the Appellee defaulted under the terms of the deed of trust, the Appellant purchased the property as evidenced by the substitute trustee's deed, which resulted in the Appellant's superior right to immediate possession of the premises. CR 238. It is undisputed that the deed of trust provides that Appellee becomes a tenant at sufferance upon the foreclosure sale of the property. CR 37.

Even if it was appropriate for the District Court to interrupt Appellant's Action in Justice Court, the Plaintiff cannot establish the three elements required for the issuance of a temporary injunction. Not only does the Appellee have no cause of action against the Appellant with a probable right to recovery on a trial on

7

the merits, but the Appellee cannot show a probable, imminent, and irreparable injury.

Finally, the Temporary Injunction Order should be declared void. Under Texas law, when a temporary injunction order entered by a court does not articulate essential requirements, it is subject to being declared void and dissolved. TEX. R. CIV. P. 683. The temporary injunction order failed to mention two mandatory requirements. CR 372. First, the order failed to set the case for trial on the merits. Second, the order failed to state the harm that would result in the event the order was not entered. Therefore, the Temporary Injunction Order fails to comply with the requirements of Rule 683, and should be declared void and be dissolved.

The facts and the law show that the Trial Court's order should be reversed and the temporary injunction be dissolved and declared void and Appellant be allowed to proceed with its forcible detainer action pending in the Justice Court.

## ARGUMENT

Texas law is clear that the burden of proof for a temporary injunction is on the party seeking the injunction. To obtain a temporary injunction, a party must plead and prove three specific elements (1) a cause of action against the defendant;

8

(2) a probable right to recovery following a trial on the merits; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). A temporary injunction is an extraordinary remedy that does not issue as a matter of right. *Butnaru,* 84 S.W.3d at 204. An injury is "irreparable" if the injured party cannot be adequately compensated in damages. *See*, *e.g.*, *Cardinal Health Staffing Network, Inc. v. Bowen*, 106 S.W.3d 230, 236-37 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (en banc). Moreover, injunctive relief brought through a District Court to stop an eviction is improper if there is a forcible detainer action in Justice Court. *Jaimes v. Fannie Mae*, 03-13-00290-CV, 2013 Tex. App. LEXIS 14615, (Tex. App. Dec. 4, 2013).

### I. District Court Should Not Have Issued an Injunction to Stop the Forcible Detainer Action from Proceeding in the Justice Court.

Under Texas law, a District Court cannot enjoin parties from proceeding on a forcible detainer action pending in Justice Court, and in support Appellant states as follows:

### A. Appellant has the Right to Possession of the Premises.

A forcible detainer action occurs following a foreclosure sale when a person becomes a tenant at sufferance, meaning the person is in possession of real property and refuses to surrender possession on demand. *Id*. In the present case, the

9

Appellee became a tenant at sufferance when she refused to leave the premises that no longer belonged to her. "To prevail in a forcible detainer action, a party must only show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Id.* Here, the Appellant has a superior right to immediate possession as evidenced by the trustee's deed. The substitute trustee's deed reflects the Compass Bank purchased the Property after Appellee defaulted under the terms of the deed of trust. CR 238. The deed of trust established that after acceleration of the note, foreclosure and sale of the property, any person in possession of the sold premises would become a "tenant at sufferance" and would be "removed by writ of possession or other court proceeding." CR 277. The notices sent by Compass Bank informed Appellee that her tenancy was being terminated and that she was required to vacate the Property. CR 287. This evidence is sufficient to show that Appellant has the right to immediate possession of the Property.

### B. Appellant's Action in Justice Court Should Not Have Been Interrupted by Appellee's Claim in District Court.

The Texas Supreme Court held in *McGlothlin v. Kliebert* that "[f]or the district court to enjoin the exercise of the justice court's exclusive jurisdiction in a forcible entry and detainer case, there must be a showing that the justice court is without jurisdiction to proceed in the cause or the defendant has no adequate remedy at law." *McGlothlin v. Kliebert,* 672 S.W.2d 231, 232 (Tex.

1984). Therefore, a party could have brought her action in District Court only by "show[ing] facts that existed which prevented [Plaintiff] from making his defense at law in the justice court." *Id.* The adequate remedy at law is defending oneself in the Justice Court proceedings. *Id.* In the present case, the Appellee can bring her defenses in Justice Court rather than delay the "summary, speedy, and inexpensive" process of forcible entry and detainer proceedings that the legislature intended. *Id.* Another Texas court has specifically stated that a trial court had "no authority to enjoin eviction proceedings" when a landlord attempted to evict a tenant and the tenant filed a temporary injunction in District Court. *TMC Med., Ltd. v. Lasaters French Quarter P'ship,* 880 S.W.2d 789, 791 (Tex. App.--Tyler 1993). The court further stated that "[t]he justice court alone has jurisdiction to determine the possessory rights of the parties." *Id.*

The Appellee has not alleged any facts nor offered any evidence to support that that the Justice Court does not have jurisdiction. This case pending in the Justice of the Peace is merely a dispute between a tenant at sufferance and the rightful owner of the property. Similar to the facts in the present case, the court in *Jaimes* found that a Justice Court proceeding for forcible detainer could not be enjoined by a temporary injunction filed in District Court when the lienholder foreclosed on the borrower's property and the borrower refused to surrender

11

possession. *Jaimes,* 2013 Tex. App. LEXIS 14615. Additionally, the Texas Supreme Court held in *Scott v. Hewitt* that "a forcible detainer action is 'not exclusive, but cumulative' of other remedies that a party may have, thus a party may pursue both a forcible detainer action in justice court and a suit to quiet title in district court." *Scott v. Hewitt*, 90 S.W.2d 816, 819 (Tex. 1936). Therefore, the forcible detainer actions in Justice Court may proceed concurrently with title disputes in District Court. Permitting parties to abate forcible detainer actions simply by filing suit in District Court would frustrate the legislative intent of forcible detainer proceedings occurring in "a summary, speedy, and inexpensive remedy for the determination of who is entitled to possession of the premises." *Id.* This is true "even if the other action adjudicates matters that could result in a different determination of possession from that rendered in the forcible detainer suit." *Kassim v. Carlisle Interests, Inc.,* 308 S.W.3d 537, 541 (Tex. App.—Dallas 2010).

**II. Appellee Cannot Establish the Three Elements Required for the Issuance of a Temporary Injunction.**

Despite the fact that the Appellee cannot show that the Justice Court does not have jurisdiction to proceed with the forcible detainer action, even if she could, Appellee should not have been entitled to a temporary injunction because she cannot prove the three elements necessary for the issuance of injunctive relief.

**A. Appellee Has No Cause of Action against Appellant or Probable Right to Recovery on Trial on the Merits.**

It is undisputed that the Appellee was in default on the loan and that Appellee received both the notice of default and notice of sale. RR 28. In fact, the only allegation of wrongdoing on behalf of the Appellee is that Compass Bank refused to postpone the foreclosure sale for a second time to allow Appellee to continue to try to sell the property. Appellee admitted that she was not current on the loan, did not possess the funds to reinstate or payoff the loan, and she did not attempt to tender the funds to Appellant but was refused. RR 29. Nevertheless, Appellee's Amended Petition states her causes of action are a DTPA claim, Breach of Contract, Breach of Trustee's Duties, and Negligence. CR 194. Appellee also makes references throughout the petition to a Breach of Duty of Fairness and Good Faith. CR 194. Additionally, Appellee's opening paragraph describes the Petition as "Plaintiff's Petition to Set Aside Wrongful Foreclosure, Trespass to Try Title…" despite making no other references to these causes of action throughout the pleading. CR 194. As shown below, Appellee either has no cause of action or no probability of success on the merits for any of them, even the ones improperly pled.

**i. Appellant's Deception**

The Appellee asserts that the Appellant violated the Texas Deceptive Trade Practices Act ("DTPA") when the Appellant allegedly "led plaintiff to believe that as a borrower plaintiff would have an absolute right to recourse when faced with default, acceleration of the note and foreclosure." CR 197.

Appellee has no likelihood of success on the merits for the reasons stated below. The Court should also note that Appellant allowed Appellee to attempt to cure the default when the Appellee alleged that she had a buyer and would be able to fully pay off the note. RR 29. This contradicts Appellee's allegation that Appellant failed to allow her to cure the default. Moreover, Appellee admitted in the temporary injunction hearing that she did not have the funds to reinstate or payoff the loan at the time of the foreclosure sale. RR 29; CR 10. Appellee does not allege nor provided any evidence to suggest that Appellant did anything to prevent her from reinstating or paying off the loan or how, since she did not have the funds at the time of the foreclosure sale, she would have been damaged.

Additionally, Appellee lacks standing to bring a claim under the DTPA. To prevail on a claim under the DTPA, a Plaintiff must establish: (1) she is a consumer who sought or acquired, by purchase or lease, goods or services from a defendant; (2) the defendant can be sued under the DTPA; (3) the defendant committed an act in violation of the DTPA; and (4) the act was a producing cause

14

of the plaintiff's damages. *See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996). Appellee's only factual allegations in support of this claim concern a failure to postpone the foreclosure sale for a second time, and she alleges no fact that would tend to show any wrongdoing by Appellant. CR 197. But even if Appellee could prove conduct that is actionable under the DTPA, which Appellant denies, Appellee lacks standing as a consumer.

A person must be a consumer to establish a claim under the DTPA. *See Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex. 1980); *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 539 (Tex. 1981); *La Sara Grain Co. v. First Nat'l Bank of Mercedes,* 673 S.W.2d 558, 564 (Tex. 1984). A person is a consumer under the DTPA only if two requirements are met. First, the person must seek or acquire goods or services by purchase or lease. *Riverside*, 603 S.W.2d at 173-74; *Cameron*, 618 S.W.2d at 539; *La Sara*, 673 S.W.2d at 564. Second, the goods or services must form the basis of the complaint. *Riverside*, 603 S.W.2d at 173-74; *Cameron*, 618 S.W.2d at 539; *La Sara*, 673 S.W.2d at 564. In the present action, both requirements fail.

The Texas Supreme Court holds that loans of money or extensions of credit are not considered goods or services under the DTPA. *Riverside*, 603 S.W.2d at 174; *La Sara*, 673 S.W.2d at 567; see also *Marketic v. U.S. Bank Nat. Ass'n*, 436 F.

15

Supp. 2d 842, 855 (N.D. Tex. 2006) ("[A person] who obtains a home equity loan does not obtain a "good" or a "service" to qualify as a consumer under the DTPA").

Appellee does not allege facts nor offered any evidence demonstrating that they sought to purchase or lease any goods or services from Appellant. Appellee does not allege facts nor offered any evidence that would show that they had dealings with Appellant unrelated to the Loan. Numerous courts in Texas have held that borrowers similarly situated are not consumers under the DTPA. *See Nelson v. Wells Fargo Home Mortg.*, No. 3:10-CV-1771-O, 2012 WL 6928579, at *6 (N.D. Tex. Nov. 5, 2012); *Nichamoff v. CitiMortgage, Inc.,* No. H-12-1039, 2012 WL 4388344, at *3-4 (N.D. Tex. Sept. 25, 2012); *Visconti v. Bank of America*, No. 4:10-CV-532, 2012 WL 3779083, at *4-5 (E.D. Tex. Aug. 31, 2012); *Gatling v. CitiMortgage, Inc.,* No. H-11-2879, 2012 WL 3756581, at *13 (S.D. Tex. Aug. 28, 2012) (finding that plaintiff was not a consumer because her "claim is based on acts occurring years after the financing transaction"); *Woods v. Bank of America, N.A.,* No. 3:11-CV-1116-B, 2012 WL 1344343, at *7 (N.D. Tex. April 17, 2012) (holding "the servicing or administration of the loan is merely incidental to a plaintiff's prior objective to purchase a residence, such events do not bestow consumer status upon the plaintiff for purposes of the DTPA").

Appellee cannot show a probability of success on her DTPA claim since she is not a consumer, fails to show that Appellant did any wrongdoing, and cannot show how she was damaged. Additionally, a claim under the DTPA cannot support a temporary injunction since recovery would be limited to damages and not rescission of the foreclosure sale.

### ii. Appellant's Breach of Contract

The elements of a breach of contract claim in Texas are "(1) the existence of a valid contract; (2) performance or tendered performance by the Plaintiff, (3) breach of the contract by the Defendant; and (4) damages sustained by the Plaintiff as a result of the breach." *See Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 418 (5th Cir. 2009). Defaulting on a loan, absent a showing that the lender actively prevented the Appellee from making payment, precludes the Appellee from demonstrating her own performance under the loan agreement. *See Woods v. Bank of America, N.A,* No. 3:11-CV-1116-B, 2012 WL 1344343 at *3 (N.D. Tex. Apr. 17, 2012). Here, Appellee cannot show performance on the note or deed of trust because it is undisputed that she was in default of her payment obligations under those agreements and that she did not have the funds to reinstate or payoff the loan at the time of the foreclosure sale. RR 29.

Additionally, a borrower "suing for breach of contract must point to a specific provision in the contract that was breached by the defendant." *King v. Wells Fargo Bank, N.A.,* 3-11CV-0945-M-BD, 2012 WL 1205163, at *2 (N.D. Tex. Mar. 20, 2012); see also *Sandhar v. Grewal*, No. H-08-2348, 2009 WL 175073, at *4 (S.D. Tex. Jan. 23, 2009) (stating that a plaintiff "must plead . . . the provisions of the contract allegedly breached" to survive a motion to dismiss); *Case Corp. v. Hi-Class Business Systems of America, Inc.*, 184 S.W.3d 760, 769–70 (Tex. App.—Dallas 2005, pet. denied) ("A breach of contract occurs when a party fails to perform an act that it has expressly or impliedly promised to perform."). Appellee fails to point out where in the Note or Deed of Trust it requires Appellant to postpone a foreclosure sale for a second time to allow her to try to sell the property in order to payoff the loan.

Appellee has no probable right to relief on her breach of contract claim since she admittedly was in default under the terms of the contract, failed to allege or provide evidence as to what section of the deed of trust Appellant breached, admits to receiving all of the required notices prior to foreclosure, and suffered no damages as she did not have the funds to reinstate or payoff the loan at the time of the foreclosure sale. Additionally, a breach of contract claim does not support

injunctive relief since the remedy would be damages and not rescission of the foreclosure sale.

### iii. Breach of Fiduciary Duty or Duty of Good Faith and Fair Dealing

In Texas, the elements of a claim for Breach of Fiduciary Duty are "(1) that the Plaintiff and Defendant had a fiduciary relationship; (2) the Defendant breached its fiduciary duty to the Plaintiff; and (3) the Defendant's breach resulted in injury to the Plaintiff." See *Williams v. Countrywide Home Loans, Inc.,* 504 F. Supp. 2d 176, 192 (S.D. Tex. 2007). The relationship between a lender and borrower is not by itself fiduciary in nature. See *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 626 (S.D. Tex. 2010); *Williams*, 504 F. Supp. 2d at 192 (citing *1001 McKinney Ltd. v. Credit Suisse First Boston Mortgage Capital,* 192 S.W.3d 20, 36 (Tex App. 2005)). Because Appellee has not alleged or produced any evidence indicating that their interaction with Appellant gave rise to anything other than an ordinary lender-borrower relationship, they have not shown that Appellant owed a fiduciary duty to Appellee.

Under Texas law, a duty of good faith and fair dealing does not exist in all contractual contexts. *See Great American Insurance Co. v. North Austin Municipal Utility District No. 1*, 908 S.W.2d 415, 418 (Tex. 1995). Rather, the duty of good faith and fair dealing arises where a special relationship of trust exists between the

parties. *See Vogel v. Travelers Indemnity Co.*, 966 S.W.2d 748, 753 (Tex. App.—San Antonio 1998, no pet.). "Ordinarily, there is no such duty in lender/lendee relationships." *Vogel*, 966 S.W.2d at 753 (citing *FDIC v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990)). Texas law does not "recognize a common law duty of good faith and fair dealing in transactions between a mortgagee and mortgagor, absent a special relationship marked by shared trust or an imbalance in bargaining power." *Coleman v. Bank of America, N.A.,* No. 3:11-CV-430-G-BD, 2011 WL 2516169, at *1 (N.D. Tex. May 27, 2011), rec. adopted, 2011 WL 2516668 (N.D. Tex. June 22, 2011). This is because there is no "special relationship between a mortgagor and mortgagee." *UMLIC VP LLC v. T&M Sales & Environmental Systems, Inc.,* 176 S.W.3d 595, 612 (Tex. App.—Corpus Christi 2005, pet. denied); *see also Watson v. Citimortgage, Inc.,* 814 F. Supp. 2d 726, 731 (E.D. Tex. 2011) (citing *Coleman*, 2011 WL 2516169, at *1); *English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983); *Lovell v. Western National Life Insurance Co.*, 754 S.W.2d 298, 302–03 (Tex.App.—Amarillo 1988, writ denied).

In applying Texas law, the Fifth Circuit has explicitly refused to recognize any duty of good faith and fair dealing in the lender-borrower relationship. *See Milton v. U.S. Bank National Ass'n*, 508 F. App'x 326, 329–30 (5th Cir. 2013) (rejecting contention that mortgagee had a "special relationship" with mortgagor

where plaintiff had alleged active participation by lender and substantial interactions, including numerous oral representations by lender that the loan would not be foreclosed); see also *Hall v. Resolution Trust Corp.,* 958 F.2d 75, 79 (5th Cir. 1992) ("Three Texas intermediate appellate courts have explicitly refused to overlay an implied duty of good faith and fair dealing duty in the lender-borrower relationship. We join them in that respect.").

The Appellee does not allege any facts nor offered any evidence to suggest that there is any sort of special relationship between the Appellee and Appellant to create a fiduciary duty or duty of good faith and fair dealing. As such, Appellee has no probability of success on the merits for this cause of action and it does not support injunctive relief.

### iv. Negligence

"Under Texas law, the elements of a negligence claim are (1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co*., 335 F.3d 453, 466 (5th Cir. 2003). "The threshold inquiry with regard to negligence is whether a legal duty existed." *Bank of America v. Babu*, 340 S.W.3d 917, 928 (Tex. App. 2011) (citing *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)).

21

Texas law follows the Economic Loss Doctrine and this precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties. *See Southwestern Bell Telephone Co. v. DeLanney*, 809 S.W.2d 493, 494–95 (Tex. 1991); *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986); *Dewayne Rogers Logging, Inc. v. Propac Industries, Ltd*., 299 S.W.3d 374, 382–83 (Tex. App.—Tyler 2009, pet. denied). In other words, tort damages are generally not recoverable unless the plaintiff suffers an injury that is independent and separate from the economic losses recoverable under a breach of contract claim. *See Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.,* 960 S.W.2d 41, 45–47 (Tex. 1998); *HeilCo. v. Polar Corp*., 191 S.W.3d 805, 815–18 (Tex. App.—Fort Worth 2006, pet. denied) (citing *D.S.A., Inc. v. Hillsboro Independent School District*, 973 S.W.2d 662, 663 (Tex. 1998)). Texas courts have held that the Economic Loss Doctrine applies to claims for fraud, misrepresentation, negligence-based claims (including negligent misrepresentation claims) and Deceptive Trade Practices-Consumer Protection Act claims that arise from a contract, such as a note or deed of trust. *Williams v. Federal National Mortgage Ass'n*, No. 2:11-CV-157-J, 2012 WL 443986, at *4 (N.D. Tex. Feb. 13, 2012); *Kiper v. BAC Home Loans Servicing, LP*, 884 F. Supp. 2d 561, 573 (S.D. Tex. 2012).

As discussed above, Texas law makes it clear that Appellant has no duty to Appellee. Even if it did, Appellee fails to allege any actions that would have breached that duty. And once again, even if she did, recovery under a negligence cause of action would be barred under the Economic Loss Doctrine. As such, Appellee has no probability of success on the merits and thus this cause of action does not support injunctive relief.

### v. Trespass to Try Title

"To prevail in a trespass-to-try-title action, Plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). A suit to quiet title is an equitable remedy to clarify ownership by removing clouds on the title. *See Ford v. Exxon Mobil Chem. Co.,* 235 S.W.3d 615, 618 (Tex. 2007). To establish a claim for suit to quiet title, Plaintiff must show the following: (1) an interest in specific property; (2) that title to the property is affected by a claim by the defendant; and (3) that the claim, although facially valid, is invalid or unenforceable. *Sadler v. Duvall*, 815 S.W.2d 285, 293, n.2 (Tex. App.—Texarkana 1991, pet. denied). An adverse claim, to constitute a cloud on the title removable by the court, must be one that is

valid on its face but is proved by extrinsic evidence to be invalid or unenforceable. *Id.*

Appellee has failed to allege any facts that she has a superiority of title. It is undisputed that the Property was purchased at a foreclosure sale. When she defaulted on the note and the home was subsequently foreclosed, the Appellee lost her interest in the Property. Moreover, the courts have found that the purchaser of the foreclosure sale to be a bona fide purchaser of the Property. *See Sgroe v. Wells Fargo Bank, N.A.,* 941 F. Supp. 2d 731, 748 (E.D. Tex. 2013). Thus, Appellee has no likelihood for success for an action to try title.

### vi. Wrongful Foreclosure

The basic legal remedies available to the mortgagor for a mortgagee's wrongful foreclosure are (1) damages in the amount of the mortgagor's lost equity in the property or (2) setting aside the foreclosure sale. *See Reyna v. State National Bank*, 911 S.W.2d 851, 855–56 (Tex. App.—Fort Worth 1995, writ denied). The elements of a claim for wrongful foreclosure are (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortgage Corp.,* 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). Moreover, a wrongful foreclosure claim is only available when the

irregularity in the foreclosure sale causes the inadequate price for the property. *See Matthews v. Wells Fargo Bank*, N.A., No. 3-10-CV-O-BD, 2011 WL 2429153, at *1 (N.D. Tex. May 27, 2011).

Under Texas law, a claim for wrongful foreclosure is premised upon the mortgagor's loss of possession of the property. *Thomas v. EMC Mortgage Corp.*, No. 4:10-CV-861-A, 2011 WL 5880988, at *6 (N.D. Tex. Nov. 23, 2011) (holding that under Texas law, loss of possession is required to state a claim for wrongful foreclosure); *Peoples v. BAC Home Loans Servicing, L.P.,* No. 4:10-CV-489-A, 2011 WL 1107211, at *4 (N.D. Tex. Mar. 25, 2011).

Appellee has not alleged facts or offered evidence supporting a defect in the foreclosure sale proceedings, a grossly inadequate selling price, or any connection between the two. In fact, the Appellee's own testimony shows that she received all the contractually and statutorily required notices required for a foreclosure sale. RR 29. Additionally, Appellee was attempting to sell the property in question for less than the price sold at the foreclosure sale and thus cannot claim that it sold for an inadequate sales price. As such, Appellee cannot show a likelihood for success on the merits for a Wrongful Foreclosure cause of action.

**vii. Breach of Trustee's Duties**

25

Appellee alleged a breach of trustee's duties in its Amended Pleadings. However, it is undisputed that Connie Medley was the Trustee that handled the foreclosure sale and thus Appellant cannot be liable for a breach of trustee's duties when it was not in fact the trustee of the foreclosure sale. CR 238.

**B.    Appellee Cannot Show a Probable, Imminent, and Irreparable Injury in the Interim.**

Except for Wrongful Foreclosure or Trespass to Title, recovery for Appellee's causes of action is limited to damages, and rescission is not available. Thus, even if Appellee is ultimately successful on her causes of action, she would not be entitled to rescission of the foreclosure and to remain in the property. Thus, she cannot show irreparable injury. The basic legal remedies available to the mortgagor for a mortgagee's wrongful foreclosure are (1) damages in the amount of the mortgagor's lost equity in the property or (2) setting aside the foreclosure sale. *See Reyna v. State National Bank*, 911 S.W.2d 851, 855–56 (Tex. App.—Fort Worth 1995, writ denied). These are alternative remedies, as a fundamental principal of Texas law is that "[a] party who has lost property through a wrongful foreclosure is entitled to either the property or its value, but not both." *Durkay v. Madco Oil Co.,* 862 S.W.2d 14, 21 (Tex. App.—Corpus Christi 1993, writ denied); *see also Saenz v. JPMorgan Chase Bank, N.A.*, No. 7:13-CV-156, 2013 WL 3280214, at *2 (S.D. Tex. Jun. 27, 2013).

26

Since rescission is an equitable remedy, the mortgagor seeking rescission must do equity itself: "In order to set aside the foreclosure sale, however, the mortgagor must tender the amount owed on the mortgage. Setting aside a trustee sale is an equitable remedy which requires the mortgagor to make a valid tender of the amount due to receive equity." *Galvan v. Centex Home Equity Co., L.L.C.,* No. 04–06–00820–CV, 2008 WL 441773, at *4 (Tex. App.—San Antonio Feb. 20, 2008, no pet.) (mem. op.) (*citing Lambert v. First National Bank of Bowie*, 993 S.W.2d 833, 835 (Tex. App.—Fort Worth 1999, pet. denied); *Fillion v. David Silvers Co.,* 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.)). Consequently, a mortgagor must come to the court with clean hands to seek the equitable remedy of setting aside the foreclosure sale. *See Truly v. Austin*, 744 S.W.2d 934, 938 (Tex. 1988). Thus, Appellee must do equity and tender the amount due and owing under the promissory note. *White v. BAC Home Loans Servicing, LP*, No. 3:09-CV-2484-G, 2010 WL 4352711, at *5 (N.D. Tex. Nov. 2, 2010) ("to the extent [plaintiff] seeks equitable relief to avoid foreclosure, he cannot state a claim for such relief because he has not tendered the amount due on the loan"); *Fillion*, 709 S.W.2d at 246 ("a necessary prerequisite to the…recovery of title…is tender of whatever amount is owed on the note"); *Grella v. Berry*, 647 S.W.2d 15, 18 (Tex. App.—Houston 1982, no writ) ("In a suit seeking equitable relief to avoid foreclosure, where the appellants allege they can

pay the full amount of the note, we are of the opinion that the appellants must affirmatively demonstrate their ability to pay the full amount due on the note if they are to obtain equity").

In *Fillion*, the court held not only that the defaulting mortgagor was required to tender the secured debt but also that the tender was required to be "an unconditional offer by a debtor or obligor to pay another, in current coin of the realm, a sum on a specified debt or obligation." *Fillion*, 709 S.W.2d at 246 (quoting *Baucum v. Great American Insurance Co. of New York*, 370 S.W.2d 863, 866 (Tex. 1963)); *See also Pachter v. Woodman*, 534 S.W.2d 940, 945–46 (Tex. Civ. App.—Tyler 1976), rev'd on other grounds, 547 S.W.2d 954 (Tex. 1977); *Phillips v. Latham*, 523 S.W.2d 19, 24–25 (Tex. Civ. App.—Dallas 1975, writ ref'd n.r.e.); *Price v. Reeves*, 91 S.W.2d 862, 865 (Tex. Civ. App.—Fort Worth 1936, writ dism'd).

It is undisputed that Appellee did not unconditionally offer the amounts owed under the Note. It is also undisputed that the Appellee did not have the funds at the time of the foreclosure sale to reinstate or payoff the loan. As such, rescission is not an available remedy for the Appellee. Since rescission is not an available remedy, it was improper for the Court to issue a temporary injunction

order since proceeding with the eviction action in the justice court would not irreparable injure her ability to recover damages, her only available remedy.

### C. Temporary Injunction Order Should be Declared Void.

Under Texas law, the temporary injunction order entered by the Trial Court did not articulate essential requirements and therefore is voidable. TRCP 683 clearly states that "Every order granting an injunction…1.) shall set forth the reasons for its issuance; 2.) shall be specific in terms; 3.) shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and 4.) is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys and upon those person in active concert or participation with them who receive actual notice of the order by personal service or otherwise." TRCP 683 further states, "Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought. The appeal of a temporary injunction shall constitute no cause for delay of the trial."

An injunction order that does not comply with Rule 683 is subject to being declared void and dissolved. *Quest Comm. Corp. v. AT&T Corp.,* 24 S.W.3d 334, 337 (Tex.2000). Two mandatory requirements for a Temporary Injunction Order are: (1) the order must set the case for trial for a specific date, and (2) the order

must specifically state what injury will be suffered if the order is not granted. *Id. See also, Intercontinental Terminals Co., LLC v. Vopak N. Am., Inc.,* 354 S.W.3d 887, 892 (Tex.App.—Houston [1st Dist.] 2011, no pet.) *citing Moreno v. Baker Tools, Inc.,* 808 S.W.2d 208, 210 (Tex.App—Houston [1st dist.] 1991, no writ).

When a temporary injunction order does not adhere to the requirements of Rule 683, the injunction order is subject to being declared void and dissolved. *E.g., Northcutt v. Waren*, 326 S.W.2d 10, 10 (Tex.Civ.App. -- Texarkana 1959, writ ref'd n.r.e.); *University Interscholastic League v. Torres,* 616 S.W.2d 355, 357-58 (Tex.Civ.App -- San Antonio 1981, no writ); *Smith v. Hamby*, 609 S.W.2d 866, 868 (Tex.Civ.App. -- Fort Worth 1980, no writ).)

This specific temporary injunction order failed on both counts. First, the order did not set the case for trial on the merits. Thus, it leaves the Temporary Injunction to potentially last forever without a resolution. Second, the order failed to state the harm that would result in the event the order was not entered. The only harm that there could be would be wrongful foreclosure. But as stated again, based on the elements of wrongful foreclosure, the Appellee has not alleged facts supporting a defect in the foreclosure sale proceedings, a grossly inadequate selling price, or any connection between the two; nor has Appellee unconditionally tendered the amounts owed under the note.

For these reasons, the temporary injunction order does not comply with the requirements of Rule 683 and it should be declared void and be dissolved.

### D.    The Bond Should be Increased

Texas Rules of Civil Procedure 684 addresses the issue of the bond requirement prior to issuing the temporary injunction. TRCP 684 states that an order granting any temporary injunction, the court shall fix the amount of security to be given by the applicant. *See Liberty Lending Servs. V. Musselwhite*, 1999 WL 649131, No. 14-98-01372. The amount of the bond must have some relation to the potential damages to the respondent if the injunction is wrongfully obtained. The purpose of the bond is to secure payment to the party against whom injunction is granted in the amount of damages that party would suffer if the injunction is subsequently dissolved. *Id.*

"A trial court has considerable discretion in setting the amount of bond for a temporary injunction." *GTE Mobilnet of South Texas Ltd. Partnership v. Cellular Max, Inc.*, 123 S.W.3d 801 (Tex. App. – Beaumont 2003, review dismissed) *citing Biodynamics, Inc. v. Guest*, 817 S.W.2d 128, 131 (Tex. App.-- Houston [14th Dist.] 1991, writ dism'd by agr.) However, in *Mobilnet*, the appellate court found

31

that a bond of $1,000 was clearly insufficient when the potential damages suffered would greatly exceed that $1,000. *Id.*

Per the note and deed of Trust, Ms. Morales was supposed to make a monthly payment of $2,849.69. Because of this lawsuit, Appellant is unable to dispose of the Property or lease it. Thus, Appellant has missed out on monthly rents since the foreclosure sale on April 1, 2014 of approximately $22,797.52. If this court does not find that the temporary injunction is dissolved for the reasons stated above, then the bond should be raised since the Appellant has already suffered damages well in excess of $1,000.

## PRAYER FOR RELIEF

Appellant Compass Bank respectfully asks this Court to reverse the trial court's order denying the request to dissolve or modify the temporary injunction. Appellant pleads further for all other relief to which it is justly entitled under law or equity.

Respectfully submitted,

By: */s/ Selim Taherzadeh*

**TAHERZADEH, PLLC**

Selim H. Taherzadeh
st@taherzlaw.com
Texas Bar No. 24046944
5080 Spectrum Drive
Suite 1000 East
Addison, Texas 75001
Tel.  (469) 791-0445
Fax. (469) 828-2772

Michelle Peritore
mp@taherzlaw.com
Texas Bar No. 24088212
5080 Spectrum Drive
Suite 1000 East
Addison, Texas 75001
Tel.  (469) 791-0445
Fax. (469) 828-2772

ATTORNEYS FOR APPELLANT
COMPASS BANK

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2014 a true and correct copy of the above and foregoing Amended Brief of Appellant was properly forwarded to all counsel of record for Appellee in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure, as follows:

Law Office of Noe Robles
23331 Tamm Lane
Harlingen, Texas 78552
(T) 956-440-8200
(F) 956-440-8205
nrobelslawoffice@aol.com

*/s/ Selim Taherzadeh*
Selim Taherzadeh


## CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. P. 9.4, I hereby certify that this brief contains 9893 words. This is a computer-generated document created in Microsoft Word 2013, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

*/s/ Selim Taherzadeh*
Selim Taherzadeh

# No. 13-14-00644-CV

---

**IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI & EDINBURG**

---

**LAREDO NATIONAL BANK D/B/A BBVA COMPASS BANK**
*Appellant*,

v.

**MYRNA ELIZABETH DE LUNA MORALES,**
*Appellee*.

---

APPENDIX, TAB A

---

CAUSE NO.   2014-DCL-2962-A

| | |
|---|---|
| MYRNA ELIZABETH DE LUNA MORALES   } | IN THE __107_ th JUDICIAL |
|       Plaintiff,         } | |
|                    } | |
| V.                  } | |
|                  } | DISTRICT COURT OF |
|                  } | |
| LAREDO NATIONAL BANK, D/B/A   } | |
| AS BBVA COMPASS BANK       } | |
|       Defendant.      } | CAMERON COUNTY, TEXAS |

## ORDER GRANTING TEMPORARY INJUNCTION

On the 26th day of June, 2014, the application of Plaintiff MYRNA ELIZABETH DE LUNA MORALES for temporary injunction orders and Defendant LAREDO NATIONAL BANK D/B/A BBVA COMPASS BANK'S Motion to Deny Temporary Injunction was presented to the Court.

The Court, having examined the pleadings, having heard evidence, arguments and reviewed exhibits admitted in evidence finds that Plaintiff is entitled to a temporary injunction;

The Court ORDERS the Temporary Restraining Orders entered on May 13, 2014, be continued as a Temporary Injunction until further Orders of this Court.

The bond is hereby set at $1,000.

**SIGNED** on the _26_ day of _June_, 2014.

_____
JUDGE PRESIDING

Copy to Attorney Noe Robles
Mailed 7/2/2014

FILED _12:30_ O'CLOCK _P_ M
AURORA DE LA GARZA, DIST. CLERK

JUN 3 0 2014

DISTRICT COURT, CAMERON COUNTY TEXAS
BY _____ DEPUTY

372

# No. 13-14-00644-CV

---

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI & EDINBURG

---

**LAREDO NATIONAL BANK D/B/A BBVA COMPASS BANK**
*Appellant,*

v.

**MYRNA ELIZABETH DE LUNA MORALES,**
*Appellee.*

---

APPENDIX, TAB B

---

## NO. 2014-DCL-02962

| | | |
|---|---|---|
| MYRNA ELIZABETH DE LUNA MORALES | § § § § § § | IN THE DISTRICT COURT |
| | § § | |
| Plaintiff | § § | |
| v. | § § § | 107TH JUDICIAL DISTRICT |
| | § § | |
| LAREDO NATIONAL BANK, D/B/A AS BBVA COMPASS BANK | § § § | |
| | § § | |
| Defendant | § § | CAMERON COUNTY, TEXAS |

---

### COMPASS BANK'S MOTION TO DISSOLVE TEMPORARY INJUNCTION ORDER OR IN THE ALTERNATIVE TO MODIFY THE ORDER

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

Compass Bank ("Defendant"), an Alabama Banking Corporation, authorized to do business as BBVA Compass as successor by merger to the Laredo National Bank, files today its Motion to Dissolve Temporary Injunction or Modify the Order:

### I. UNDISPUTED FACTS

#### A. THE PARTIES' AGREEMENT

On January 24, 2006, Myrna Elizabeth de Luna Morales ("Plaintiff") signed a 30-year loan agreement ("the Note") in which she agreed to repay $291,200.00 to Laredo National Bank (the Defendant) in monthly installments of $1,937.37 beginning March of 2006. Plaintiff obtained the

loan so that she could purchase a home located at 6503 Fountain Way, South Padre Island, TX 78597 ("Premises").

On January 24, 2006, the Plaintiff executed a Deed of Trust in which she agreed to repay the amount owed to the Defendant in accordance with the Note and conveyed the home to a trustee as security for their repayment. Under the Deed of Trust, Defendant agreed that it shall give notice to Plaintiff prior to acceleration following Plaintiff's breach of any covenant or agreement. If Plaintiff failed to cure her default, Defendant was entitled to require immediate payment in full of all sums secured without further demand and to invoke the power of sale.

If Defendant invoked the power of sale, Plaintiff authorized the trustee or, any subsequently appointed trustee, to sell the home to the highest bidder for cash and agreed that Defendant was allowed to purchase the home at any such sale. Sale under this provision immediately required Plaintiff to surrender possession of the home to the purchaser or become a tenant at sufferance.

## B. PLAINTIFF'S DEFAULT AND THE FORECLOSURE SALE

On January 8, 2014, Defendant sent Plaintiff a notice specifying that (a) Plaintiff was in default of her loan by failing to make the required payments for six consecutive months, (b) Plaintiff must cure the default by paying $19,919.83, (c) Plaintiff must cure the default on or before February 7, 2014, and (d) failure to cure the default by February 7, 2014, would result in all sums secured by the Deed becoming immediately due and payable. Plaintiff did not cure the default by February 7, 2014. On February 10, 2014, Defendant sent Plaintiff a Notice of Acceleration and Notice of Sale notifying Plaintiff that Defendant was exercising its power of sale, and that the foreclosure sale would take place on March 4, 2014. Plaintiff's former counsel contacted the Defendant on February 26, 2014. Plaintiff's former counsel informed the Defendant that the Plaintiff was working on

various ways to obtain the funds to reinstate the Loan or satisfy the Loan in its entirety. Additionally, Plaintiff's former counsel stated that Plaintiff was confident she could get the money put together in the next thirty (30) days and/or get the subject property sold. Relying on that statement, Defendant agreed to postpone the sale until April 1, 2014.

Plaintiff's former counsel informed Defendant on March 20, 2014 that the alleged new purchaser had got cold feet and the sale was not going to go through. Plaintiff's former counsel subsequently requested a second postponement of the foreclosure sale because Plaintiff believed she had another potential purchaser but that it would not close until after the foreclosure sale. Defendant, via its attorney, informed Plaintiff's former counsel that the request for a second postponement of the foreclosure was denied.

The foreclosure sale occurred on April 1, 2014 as noticed, and Defendant purchased the home for $308,000.00. The Deed of Trust authorizing the sale provides that upon occurrence of a non-judicial foreclosure sale, Plaintiff is to surrender the Premises to the Purchaser at such sale or be deemed to be a tenant at sufferance. Plaintiff is currently in possession of the premises. Defendant brought a forcible detainer action in a Justice Court. Plaintiff subsequently filed a request for a temporary injunction in District Court and impeded the Defendant from continuing the forcible detainer action in the Justice Court.

## II. ARGUMENT

Texas law is very clear that the burden of proof for a temporary injunction is on the party seeking the injunction. To obtain a temporary injunction, the borrower must plead and prove three specific elements (1) a cause of action against the defendant; (2) a probable right to recovery following a trial on the merits; and (3) a probable, imminent, and irreparable injury in

the interim. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). A temporary injunction is an extraordinary remedy that does not issue as a matter of right. *Butnaru,* 84 S.W.3d at 204. An injury is "irreparable" if the injured party cannot be adequately compensated in damages. *See, e.g., Cardinal Health Staffing Network, Inc. v. Bowen*, 106 S.W.3d 230, 236-37 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (en banc). Moreover, injunctive relief brought through a District Court is improper if there is already a forcible detainer action in Justice Court. *Jaimes v. Fannie Mae*, 03-13-00290-CV, 2013 Tex. App. LEXIS 14615, (Tex. App. Dec. 4, 2013).

## A. DISTRICT COURT SHOULD NOT HAVE ISSUED AN INJUNCTION TO STOP THE FORCIBLE DETAINER ACTION FROM PROCEEDING IN THE JUSTICE COURT

The first issue that needs to be addressed is whether it would be appropriate for a District Court to enjoin the parties from proceeding on the forcible detainer action in the Justice Court. Texas law makes it clear that it would not be, and in support Defendant states as follows:

### a. DEFENDANT HAS THE RIGHT TO POSSESSION OF THE PREMISES.

A forcible detainer action occurs when a person becomes a tenant at sufferance, meaning the person is in possession of real property and refuses to surrender possession on demand. *Id.* In the present case, the Plaintiff became a tenant at sufferance when she refused to leave the premises that no longer belonged to her. "To prevail in a forcible detainer action, a party must only show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Id.* Here, the Defendant has a superior right to immediate possession as evidenced

by the Trustee's Deed. The Substitute Trustee's Deed reflects the Compass Bank purchased the Property after Plaintiff defaulted under the terms of the Deed of Trust. *See* Exhibit A. The Deed of Trust established that after acceleration of the note, foreclosure and sale of the property, any person in possession of the sold premises would become a "tenant at sufferance" and would be "removed by writ of possession or other court proceeding." *See* Exhibit B ¶ 22. The notices sent by Compass Bank informed Plaintiff that her tenancy was being terminated and that she was required to vacate the Property. *See* Exhibit C. This evidence is sufficient to show that Defendant has the right to immediate possession of the Property.

### b. DEFENDANT'S ACTION IN JUSTICE COURT SHOULD NOT HAVE BEEN INTERRUPTED BY PLAINTIFF'S CLAIM IN DISTRICT COURT.

The Texas Supreme Court held in *McGlothlin v. Kliebert* that "[f]or the district court to enjoin the exercise of the justice court's exclusive jurisdiction in a forcible entry and detainer case, there must be a showing that the justice court is without jurisdiction to proceed in the cause or the defendant has no adequate remedy at law." *McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984). Therefore, the party could have brought her action in district court by "show[ing] facts that existed which prevented [Plaintiff] from making his defense at law in the justice court." *Id.* The adequate remedy at law is defending oneself in the Justice Court proceedings. *Id.* In the present case, the Plaintiff can bring her defenses in Justice Court rather than delay the "summary, speedy, and inexpensive" process of forcible entry and detainer proceedings that the legislature intended. *Id.* at 232. Another Texas court has stated that a trial court had "no authority to enjoin eviction proceedings" when a landlord attempted to evict a tenant and the tenant filed a temporary injunction in District Court. *TMC Med., Ltd. v. Lasaters French Quarter P'ship*, 880

S.W.2d 789, 791 (Tex. App.--Tyler 1993). The court further stated that "[t]he justice court alone has jurisdiction to determine the possessory rights of the parties." *Id.*

The Plaintiff has not alleged any facts to support that that the Justice court does not have jurisdiction. This case pending in the Justice of the Peace is merely a dispute between a tenant at sufferance and the rightful owner of the property. Similar to the facts in the present case, the court in *Jaimes* found that a Justice Court proceeding for forcible detainer could not be enjoined by a temporary injunction filed in District Court when the lienholder foreclosed on the borrower's property and the borrower refused to surrender possession. Additionally, the Texas Supreme Court held in *Scott v. Hewitt* that "a forcible detainer action is 'not exclusive, but cumulative' of other remedies that a party may have, thus a party may pursue both a forcible detainer action in justice court and a suit to quiet title in district court." *Scott v. Hewitt*, 90 S.W.2d 816, 819 (Tex. 1936). Therefore the forcible detainer actions in Justice Court may be proceed concurrently with title disputes in District Court. "Permitting parties to abate forcible detainer actions simply by filing suit in district court would frustrate" the legislative intent of forcible detainer proceedings occurring in "a summary, *speedy,* and inexpensive remedy for the determination of who is entitled to possession of the premises." *Id.* This is true "even if the other action adjudicates matters that could result in a different determination of possession from that rendered in the forcible detainer suit." *Kassim v. Carlisle Interests, Inc.,* 308 S.W.3d 537, 541 (Tex. App.—Dallas 2010).

## B. PLAINTIFF CANNOT ESTABLISH THE THREE ELEMENTS REQUIRED FOR THE ISSUANCE OF A TEMPORARY INJUCTION

Despite the fact that the Plaintiff cannot show that the Justice Court does not have jurisdiction, even if it could, it should not have been entitled to a temporary injunction because it cannot prove the three elements necessary for the issuance of injunctive relief.

### a. PLAINTIFF HAS NO CAUSE OF ACTION AGAINST DEFENDANT OR PROBABLE RIGHT TO RECOVERY ON TRIAL ON THE MERITS

It is undisputed that the Plaintiff was in default on the loan and that Plaintiff received both the Notice of Default and Notice of Sale. In fact, the only allegation of wrongdoing on behalf of the Defendant is that Compass Bank refused to postpone the foreclosure sale *for a second time* to allow Plaintiff to continue to try to sell the property. Plaintiff does not claim that she was current on the loan, or possessed the funds to reinstate or payoff the loan and attempted to tender the funds to Defendant but was refused. Nevertheless, Plaintiff's Amended Petition states her causes of action are a DTPA claim, Breach of Contract, Breach of Trustee's Duties, and Negligence. Plaintiff also makes references throughout the petition to a Breach of Duty a Fairness and Good Faith. Additionally, Plaintiff's opening paragraph describes the Petition as "Plaintiff's Petition to Set Aside Wrongful Foreclosure, Trespass to Try Title..." despite making no other references to these causes of action throughout the pleading. As shown below, Plaintiff either has no cause of action or no probability of success on the merits for any of them, even the ones improperly pled.

### i. Defendant's Deception

The Plaintiff asserts that the Defendant violated the Texas Deceptive Trade Practices Act ("DTPA") when the Defendant allegedly "led plaintiff to believe that as a borrower plaintiff would

have an absolute right to recourse when faced with default, acceleration of the note and foreclosure."

Defendant has no likelihood of success on the merits for the reasons stated below. The Court should also note that Defendant allowed Plaintiff to attempt to cure the default when the Plaintiff alleged that she had a buyer and would be able to fully pay off the note. This contradicts Plaintiff's allegation that Defendant failed to allow her to cure the default. Moreover, Plaintiff's attorney admitted in Court that Plaintiff did not have the funds at the time of the foreclosure sale. Thus, Defendant has strongly undermined the factual allegation supporting all of the claims discussed below and Plaintiff raises no dispute.

Additionally, Plaintiff lacks standing to bring a claim under the DTPA. To prevail on a claim under the DTPA, a Plaintiff must establish: (1) she is a consumer who sought or acquired, by purchase or lease, goods or services from a defendant; (2) the defendant can be sued under the DTPA; (3) the defendant committed an act in violation of the DTPA; and (4) the act was a producing cause of the plaintiff's damages. *See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996). Plaintiff's only factual allegations in support of this claim concern a failure to postpone the foreclosure sale for a second time, and she alleges no fact that would tend to show any wrongdoing by Defendant. Even if Plaintiff could prove conduct that is actionable under the DTPA, which Defendant denies, Plaintiff lacks standing as a consumer.

A person must be a consumer to establish a claim under the DTPA. *See Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex. 1980); *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex. 1981); *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 564 (Tex. 1984). A person is a consumer under the DTPA only if two requirements are met. First, the person must seek or acquire goods or services by purchase or lease. *Riverside,*

603 S.W.2d at 173-74; *Cameron*, 618 S.W.2d at 539; *La Sara*, 673 S.W.2d at 564. Second, the goods or services must form the basis of the complaint. *Riverside*, 603 S.W.2d at 173-74; *Cameron*, 618 S.W.2d at 539; *La Sara*, 673 S.W.2d at 564. In the present action, both requirements fail.

The Texas Supreme Court holds that loans of money or extensions of credit are not considered goods or services under the DTPA. *Riverside*, 603 S.W.2d at 174; *La Sara*, 673 S.W.2d at 567; *see also Marketic v. U.S. Bank Nat. Ass'n*, 436 F. Supp. 2d 842, 855 (N.D. Tex. 2006) ("[A person] who obtains a home equity loan does not obtain a "good" or a "service" to qualify as a consumer under the DTPA").

Plaintiff does not allege facts demonstrating that they sought to purchase or lease any goods or services from Defendant. Plaintiff does not allege facts that would show that they had dealings with Defendant unrelated to the loan. Numerous courts in Texas have held that borrowers similarly situated are not consumers under the DTPA. *See Nelson v. Wells Fargo Home Mortg.*, No. 3:10-CV-1771-O, 2012 WL 6928579, at *6 (N.D. Tex. Nov. 5, 2012); *Nichamoff v. CitiMortgage, Inc.*, No. H-12-1039, 2012 WL 4388344, at *3-4 (N.D. Tex. Sept. 25, 2012); *Visconti v. Bank of America*, No. 4:10-CV-532, 2012 WL 3779083, at *4-5 (E.D. Tex. Aug. 31, 2012); *Gatling v. CitiMortgage, Inc.*, No. H-11-2879, 2012 WL 3756581, at *13 (S.D. Tex. Aug. 28, 2012) (finding that plaintiff was not a consumer because her "claim is based on acts occurring years after the financing transaction"); *Woods v. Bank of America*, No. 3:11-CV-1116-B, 2012 WL 1344343, at *7 (N.D. Tex. April 17, 2012) (holding "the servicing or administration of the loan is merely incidental to a plaintiff's prior objective to purchase a residence, such events do not bestow consumer status upon the plaintiff for purposes of the DTPA").

Moreover, Plaintiff does not allege specific facts that would show Defendant committed an act in violation of the DTPA or that Plaintiff sustained damages as a result of any purported DTPA violation. Accordingly, Plaintiff's DTPA claim cannot be successful.

### ii. Defendant's Breach of Contract

The elements of a Breach of Contract claim in Texas are "(1) the existence of a valid contract; (2) performance or tendered performance by the Plaintiff, (3) breach of the contract by the Defendant; and (4) damages sustained by the Plaintiff as a result of the breach." *See Mullins v. TestAmerica, Inc.,* 564 F. 3d 386, 418 (5th Cir. 2009). Defaulting on a loan, absent a showing that the lender actively prevented the Plaintiff from making payment, precludes a Plaintiff from demonstrating her own performance under the loan agreement. *See Woods v. Bank of America NA,* No. 3:11-CV-1116-B, 2012 WL 1344343 at *3 (N.D. Tex. Apr. 17, 2012). Here, Plaintiff cannot show performance on the Note or Deed because it is undisputed evidence that she was in default of her payment obligations under those agreements.

A borrower "suing for breach of contract must point to a specific provision in the contract that was breached by the defendant." *King v. Wells Fargo Bank, N.A.,* 3-11CV-0945-M-BD, 2012 WL 1205163, at *2 (N.D. Tex. Mar. 20, 2012); *see also Sandhar v. Grewal,* No. H-08-2348, 2009 WL 175073, at *4 (S.D. Tex. Jan. 23, 2009) (stating that a plaintiff "must plead . . . the provisions of the contract allegedly breached" to survive a motion to dismiss); *Case Corp. v. Hi-Class Business Systems of America, Inc.,* 184 S.W.3d 760, 769–70 (Tex. App.—Dallas 2005, pet. denied) ("A breach of contract occurs when a party fails to perform an act that it has expressly or impliedly promised to perform."). Plaintiff fails to point out where in the Note or Deed of Trust it requires Defendant to postpone a foreclosure sale for a second time to allow her

to try to sell the property in order to payoff the loan. As such, Plaintiff has no probable right to relief on her Breach of Contract claim.

### iii. Breach of Fiduciary Duty or Duty of Good Faith and Fair Dealing

In Texas, the elements of a claim for Breach of Fiduciary Duty are "(1) that the Plaintiff and Defendant had a fiduciary relationship; (2) the Defendant breached its fiduciary duty to the Plaintiff; and (3) the Defendant's breach resulted in injury to the Plaintiff." *See Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 192 (S.D. Tex. 2007). The relationship between a lender and borrower is not by itself fiduciary in nature. *See Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 626 (S.D. Tex. 2010); *Williams*, 504 F. Supp. 2d at 192 (citing *1001 McKinney Ltd. V. Credit Suisse First Boston Mortgage Capital*, 192 S.W.3d 20, 36 (Tex App. 2005)). Because Plaintiff has not alleged or produced any evidence indicating that their interaction with Defendant gave rise to anything other than an ordinary lender-borrower relationship, they have not shown that Defendant owed a fiduciary duty to Plaintiff.

Under Texas law, a duty of good faith and fair dealing does not exist in all contractual contexts. *See Great American InsuranceCo. v. North Austin Municipal Utility District No. 1*, 908 S.W.2d 415, 418 (Tex. 1995). Rather, the duty of good faith and fair dealing arises where a special relationship of trust exists between the parties. *See Vogel v. Travelers Indemnity Co.*, 966S.W.2d 748, 753 (Tex. App.—San Antonio 1998, no pet.). "Ordinarily, there is no such duty in lender/lendee relationships. *Vogel*, 966 S.W.2d at 753 (citing *FDIC v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990)). Texas law does not "recognize a common law duty of good faith and fair dealing in transactions between a mortgagee and mortgagor, absent a special relationship marked by shared trust or an imbalance in bargaining power." *Coleman v. Bank of America, N.A.*, No. 3:11-CV-430-G-BD, 2011 WL 2516169, at *1 (N.D. Tex. May 27, 2011), *rec. adopted*, 2011

WL 2516668 (N.D. Tex.June 22, 2011). This is because there is no "special relationship between a mortgagor and mortgagee." *UMLIC VP LLC v. T&M Sales & Environmental Systems, Inc.*, 176 S.W.3d 595, 612 (Tex. App.—Corpus Christi 2005, pet. denied); *see also Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 731 (E.D. Tex. 2011) (citing *Coleman*, 2011 WL 2516169, at *1); *English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983); *Lovell v. Western National Life Insurance Co.*, 754 S.W.2d 298, 302–03 (Tex.App.—Amarillo 1988, writ denied).

In applying Texas law, the Fifth Circuit has explicitly refused to recognize any duty of good faith and fair dealing in the lender-borrower relationship. *See Milton v. U.S. Bank National Ass'n*, 508 F. App'x 326, 329–30 (5th Cir. 2013) (rejecting contention that mortgagee had a "special relationship" with mortgagor where plaintiff had alleged active participation by lender and substantial interactions, including numerous oral representations by lender that the loan would not be foreclosed); *see also Hall v. Resolution Trust Corp.*, 958 F.2d 75, 79 (5th Cir. 1992) ("Three Texas intermediate appellate courts have explicitly refused to overlay an implied duty of good faith and fair dealing duty in the lender-borrower relationship. We join them in that respect.").

The Plaintiff does not allege any facts to suggest that there is any sort of special relationship between the Plaintiff and Defendant to create a fiduciary duty or duty of good faith and fair dealing. As such, Plaintiff has no probability of success on the merits for this cause of action.

### iv. Negligence

"Under Texas law, the elements of a negligence claim are (1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach."

*Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 466 (5th Cir. 2003). "The threshold inquiry with regard to negligence is whether a legal duty existed." *Bank of America v. Babu*, 340 S.W.3d 917, 928 (Tex. App. 2011) (citing *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)).

Texas law follows the Economic Loss Doctrine and this precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties. *See Southwestern Bell Telephone Co. v. DeLanney*, 809 S.W.2d 493, 494–95 (Tex. 1991); *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986); *Dewayne Rogers Logging, Inc. v. Propac Industries, Ltd.*, 299 S.W.3d 374, 382–83 (Tex. App.—Tyler 2009, pet. denied). In other words, tort damages are generally not recoverable unless the plaintiff suffers an injury that is independent and separate from the economic losses recoverable under a Breach of Contract claim. *See Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 45–47 (Tex. 1998); *HeilCo. v. Polar Corp.*, 191 S.W.3d 805, 815–18 (Tex. App.—Fort Worth 2006, pet. denied) (citing *D.S.A., Inc. v. Hillsboro Independent School District*, 973 S.W.2d 662, 663 (Tex. 1998)). Texas courts have held that the Economic Loss Doctrine applies to claims for fraud, misrepresentation, negligence-based claims (including negligent misrepresentation claims) and Deceptive Trade Practices-Consumer Protection Act claims that arise from a contract, such as a note or deed of trust. *Williams v. Federal National Mortgage Ass'n*, No. 2:11-CV-157-J, 2012 WL 443986, at *4 (N.D. Tex. Feb. 13, 2012); *Kiper v. BAC Home Loans Servicing, LP*, 884 F. Supp. 2d 561, 573 (S.D. Tex. 2012).

As discussed above, Texas law makes it clear that Defendant has no duty to Plaintiff. Even if it did, Plaintiff fails to allege any actions that would have breached that duty. And once

again, even if she did, recovery under a Negligence cause of action would be barred under the Economic Loss Doctrine. As such, Plaintiff has no probability of success on the merits.

### v. Trespass to Try Title

"To prevail in a trespass-to-try-title action, Plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). A suit to quiet title is an equitable remedy to clarify ownership by removing clouds on the title. *See Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007). To establish a claim for suit to quiet title, Plaintiff must show the following: (1) an interest in specific property; (2) that title to the property is affected by a claim by the defendant; and (3) that the claim, although facially valid, is invalid or unenforceable. *Sadler v. Duvall*, 815 S.W.2d 285, 293, n.2 (Tex. App.—Texarkana 1991, pet. denied). An adverse claim, to constitute a cloud on the title removable by the court, must be one that is valid on its face but is proved by extrinsic evidence to be invalid or unenforceable.

Plaintiff has failed allege any facts that she has a superiority of title. It is undisputed that the Property was purchased at a foreclosure sale. When she defaulted on the Note and the home was subsequently foreclosed, the Plaintiff lost any interest she could claim in the Property. Moreover, the courts have found that the purchaser of the foreclosure sale to be a bona fide purchaser of the Property. *See Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 748 (E.D. Tex. 2013). Thus, Plaintiff has no likelihood for success for an action to try title.

### vi. Wrongful Foreclosure

The basic legal remedies available to the mortgagor for a mortgagee's wrongful foreclosure are (1) damages in the amount of the mortgagor's lost equity in the property and (2) setting aside the foreclosure sale, through either equitable relief or trespass to try title. *See Reyna v. State National Bank*, 911 S.W.2d 851, 855–56 (Tex. App.—Fort Worth 1995, writ denied). The elements of a claim for wrongful foreclosure are (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). Moreover, a wrongful foreclosure claim is only available when the irregularity in the foreclosure sale causes the inadequate price for the property. *See Matthews v. Wells Fargo Bank, N.A.*, No. 3-10-CV-0-BD, 2011 WL 2429153, at *1 (N.D. Tex. May 27, 2011).

Under Texas law, a claim for wrongful foreclosure is premised upon the mortgagor's loss in possession of the property. *Thomas v. EMC Mortgage Corp.*, No. 4:10-CV-861-A, 2011 WL 5880988, at *6 (N.D. Tex. Nov. 23, 2011) (holding that under Texas law, loss of possession is required to state a claim for wrongful foreclosure); *Peoples v. BAC Home Loans Servicing, L.P.*, No. 4:10-CV-489-A, 2011 WL 1107211, at *4 (N.D. Tex. Mar. 25, 2011).

Plaintiffs have not alleged facts supporting a defect in the foreclosure sale proceedings, a grossly inadequate selling price, or any connection between the two. As such, Plaintiff cannot show a likelihood success on the merits for a Wrongful Foreclosure cause of action.

### vii. Breach of Trustee's Duties

Plaintiff alleged a Breach of Trustee's Duties in its Amended Pleadings. However, it is undisputed that Connie Medley was the Trustee that handled the foreclosure sale and thus

Defendant cannot be liable for a breach of Trustee's Duties when it was not in fact the trustee of the foreclosure sale.

## b. PLAINTIFF CANNOT SHOW A PROBABLE, IMMINENT, AND IRREPARABLE INJURY IN THE INTERIM

Except for Wrongful Foreclosure or Trespass to Title, recovery for Plaintiff's causes of action is limited to damages and rescission is not available. Thus, even if Plaintiff is ultimately successful on her causes of action, she would not be entitled to rescission of the foreclosure and to remain in the property and thus she cannot show irreparable injury. The basic legal remedies available to the mortgagor for a mortgagee's wrongful foreclosure are (1) damages in the amount of the mortgagor's lost equity in the property and (2) setting aside the foreclosure sale, through either equitable relief or trespass to try title. *See Reyna v. State National Bank*, 911 S.W.2d 851, 855–56 (Tex. App.—Fort Worth 1995, writ denied). These are alternative remedies, as a fundamental principal of Texas law is that "[a] party who has lost property through a wrongful foreclosure is entitled to either the property or its value, but not both." *Durkay v. Madco Oil Co.*, 862 S.W.2d 14, 21 (Tex. App.—Corpus Christi 1993, writ denied); *see also Saenz v. JPMorgan Chase Bank, N.A.*, No. 7:13-CV-156, 2013 WL 3280214, at *2 (S.D. Tex. Jun. 27, 2013).

Since rescission is an equitable remedy, the mortgagor seeking rescission must do equity itself: "In order to set aside the foreclosure sale, however, the mortgagor must tender the amount owed on the mortgage. Setting aside a trustee sale is an equitable remedy which requires the mortgagor to make a valid tender of the amount due to receive equity." *Galvan v. Centex Home Equity Co., L.L.C.*, No. 04–06–00820–CV, 2008 WL 441773, at *4 (Tex. App.—San Antonio Feb. 20, 2008, no pet.) (mem. op.) (citing *Lambert v. First National Bank of Bowie*, 993 S.W.2d 833, 835 (Tex. App.—Fort Worth 1999, pet. denied); *Fillion v. David Silvers Co.*, 709 S.W.2d

240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.)). Consequently, a mortgagor must come to the court with clean hands to seek the equitable remedy of setting aside the foreclosure sale. *See Truly v. Austin*, 744 S.W.2d 934, 938 (Tex. 1988). Thus, the plaintiff must do equity and tender the amount due and owing under the promissory note. *White v. BAC Home Loans Servicing, LP*, No. 3:09-CV-2484-G, 2010 WL 4352711, at *5 (N.D. Tex. Nov. 2, 2010) ("to the extent [plaintiff] seeks equitable relief to avoid foreclosure, he cannot state a claim for such relief because he has not tendered the amount due on the loan"); *Fillion*, 709 S.W.2d at 246 ("a necessary prerequisite to the…recovery of title…is tender of whatever amount is owed on the note"); *Grella v. Berry*, 647 S.W.2d 15, 18 (Tex. App.—Houston 1982, no writ) ("In a suit seeking equitable relief to avoid foreclosure, where the appellants allege they can pay the full amount of the note, we are of the opinion that the appellants must affirmatively demonstrate their ability to pay the full amount due on the note if they are to obtain equity").

In *Fillion*, the court held not only that the defaulting mortgagor was required to tender the secured debt but also that the tender was required to be "an unconditional offer by a debtor or obligor to pay another, in current coin of the realm, a sum on a specified debt or obligation." *Fillion*, 709 S.W.2d at 246 (quoting *Baucum v. Great American Insurance Co. of New York*, 370 S.W.2d 863, 866 (Tex. 1963)); *see also Pachter v. Woodman*, 534 S.W.2d 940, 945–46 (Tex. Civ. App.—Tyler 1976), *rev'd on other grounds*, 547 S.W.2d 954 (Tex. 1977); *Phillips v. Latham*, 523 S.W.2d 19, 24–25 (Tex. Civ. App.—Dallas 1975, writ ref'd n.r.e.); *Price v. Reeves*, 91 S.W.2d 862, 865 (Tex. Civ. App.—Fort Worth 1936, writ dism'd).

## C. TEMPORARY INJUNCTION ORDER SHOULD BE DECLARED VOID

Under Texas law, the Temporary Injunction Order entered by this Court did not articulate essential requirements and therefore is void. TRCP 683 clearly states that "Every order granting

an injunction...1.) shall set forth the reasons for its issuance; 2.) shall be specific in terms; 3.) shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and 4.) is binding only upon the parties to the action, their officers, agents servants, employees, and attorneys and upon those person in active concert or participation with them who receive actual notice of the order by personal service or otherwise." TRCP 683 further states, "Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought. The appeal of a temporary injunction shall constitute no cause for delay of the trial."

An injunction order that does not comply with Rule 683 is subject to being declared void and dissolved. *Quest Comm. Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex.2000). Two mandatory requirements for a Temporary Injunction Order are: (1) the order must set the case for trial for a specific date, and (2) the order must specifically state what injury will be suffered if the order is not granted. *Id. See also, Intercontinental Terminals Co., LLC v. Vopak N. Am., Inc.*, 354 S.W.3d 887, 892 (Tex.App.—Houston [1st Dist.] 2011, no pet.) citing *Moreno v. Baker Tools, Inc.*, 808 SW2d 208, 210 (Tex.App—Houston [1st dist.] 1991, no writ).

When a temporary injunction order does not adhere to the requirements of Rule 683 the injunction order is subject to being declared void and dissolved. E.g., *Northcutt v. Waren*, 326 S.W.2d 10, 10 (Tex.Civ.App. -- Texarkana 1959, writ ref'd n.r.e.); *University Interscholastic League v. Torres*, 616 S.W.2d 355, 357-58 (Tex.Civ.App -- San Antonio 1981, no writ); *Smith v. Hamby*, 609 S.W.2d 866, 868 (Tex.Civ.App. -- Fort Worth 1980, no writ).)

This specific Temporary Injunction order failed to mention two mandatory requirements. First, the order failed set the case for trial on the merits. Nowhere in the order does it set a trial date thus it leaves the Temporary Injuction to potentially last forever without a resolution.

Second, the order failed to state the harm that would result in the event the order was not entered. The only harm that there could be would be wrongful foreclosure. But as stated again, based on the elements of wrongful foreclosure, the Plaintiffs have not alleged facts supporting a defect in the foreclosure sale proceedings, a grossly inadequate selling price, or any connection between the two.

For these reasons, the Temporary Injunction Order does not comply with the requirements of Rule 683 and it must be declared void and be dissolved.

### D. BOND SHOULD BE INCREASED

Texas Rules of Civil Procedure 684 addresses the issue of the bond requirement prior to issuing the temporary injunction. TRCP 684 states that an order granting any temporary injunction, the court shall fix the amount of security to be given by the applicant. See *Liberty Lending Servs. V. Musselwhite*, No. 14-98-01372. The amount of the bond must have some relation to the potential damages to the respondent if the injunction is wrongfully obtained. The purpose of the bond is to secure payment to the party against whom injunction is granted in the amount of damages that party would suffer if the injunction is subsequently dissolved. *Id.*

"A trial court has considerable discretion in setting the amount of bond for a temporary injunction." GTE *Mobilnet of South Texas Ltd. Partnership v. Cellular Max, Inc.*, 123 SW3d 801 (Tex. App. – Beaumont 2003, review dismissed) citing *Biodynamics, Inc. v. Guest*, 817 S.W.2d 128, 131 (Tex. App.-- Houston [14th Dist.] 1991, writ dism'd by agr.) However, In Mobilnet, the appellate court found that a bond of $1,000 was clearly insufficient when the potential damages suffered would be greatly exceed that $1,000.

Per the Note and Deed of Trust, the monthly payment Ms. Morales was paying was $2,849.69. Because of this lawsuit, Defendants are unable to dispose of the property or lease it. Thus defendants have missed out on monthly rents since the foreclosure sale on April 1, 2014 of approximately $17,098.14. If this court does not find that the Temporary Injunction is void for the reasons state above, then the bond should be raised since the Defendants have already suffered damages in excess of $1,000.

## III.   CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants, respectfully request the Court dissolve and declare the Temporary Injunction Order void or in the alternative to modify the order to meet the requirements of TRCP 683 and increase the amount of the Bond; and such other and further relief as this Court deems equitable and just.

Respectfully submitted,

BY: _____

TAHERZADEH, PLLC

Selim H. Taherzadeh
st@taherzlaw.com
Texas Bar No. 24046944
5080 Spectrum Drive
Suite 1000 East
Addison, Texas 75001
Tel. (469) 791-0445
Fax. (469) 828-2772

**ATTORNEYS FOR DEFENDANT COMPASS BANK**

**CERTIFICATE OF SERVICE**

I certify that on September 9, 2014 this document was served upon the following parties by fax and email:

Law Office of Noe Robles
23331 Tamm Lane
Harlingen, Texas 78552
(T) 956-440-8200
(F) 956-440-8205
nrobelslawoffice@aol.com

Selim H. Taherzadeh

# No. 13-14-00644-CV

---

**IN THE COURT OF APPEALS**
**FOR THE THIRTEENTH DISTRICT OF TEXAS**
**AT CORPUS CHRISTI & EDINBURG**

---

**LAREDO NATIONAL BANK D/B/A BBVA COMPASS BANK**
*Appellant,*
v.

**MYRNA ELIZABETH DE LUNA MORALES,**
*Appellee.*

---

APPENDIX, TAB C

---

FILED
2014-DCL-02962
9/23/2014 2:00:29 PM
Aurora De La Garza
Cameron County District Clerk
By Carolina Ostos Deputy Clerk
2590594

CAUSE NO. 2014-DCL-02962-A

| | | |
|---|---|---|
| MYRNA ELIZABETH DE LUNA MORALES | } | IN THE 107th JUDICIAL |
| Plaintiff, | } | |
| | } | |
| V. | } | |
| | } | DISTRICT COURT OF |
| | } | |
| | } | |
| LAREDO NATIONAL BANK, D/B/A | } | |
| AS BBVA COMPASS BANK | } | |
| Defendant. | } | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION(S) TO DISMISS AND DEFENDANT'S MOTION TO DISSOLVE TEMPORARY INJUNCTION ORDER AND ALTERNATIVELY, PLAINTIFF'S MOTION TO RESET HEARING ON MOTIONS

Plaintiff asks the court to deny defendant's motion to Dismiss and to deny Defendant's Motion to Dissolve Temporary injunction Order and deny all relief. Plaintiff files this Response without having had an opportunity to research and brief and adequately prepare its response, should the Court be inclined to grant any relief to Defendant, Plaintiff requests a continuance of the hearing to brief and respond adequately in short notice.

### A. Introduction

1. Plaintiff is **MYRNA ELIZABETH DE LUNA MORALES**; defendant is **LAREDO NATIONAL BANK, D/B/A AS BBVA COMPASS BANK.**

2. Plaintiff sued defendant for wrongful foreclosure, trespass to try title, DTPA, breach of contract, breach of trustee's duty and negligence.

3. Defendant answered asserting only a General Denial, a plea to the jurisdiction and a Motion to Dismiss, a second Motion to Dismiss, and now files a Motion to Dissolve Temporary Injunction and requests further relief to increase the bond. Defendant additionally filed a Motion for Summary Judgment. **On September 15, 2014, Defendant delivered the Motion to Dissolve the Temporary Injunction Order and Request to Increase Bond to Plaintiff's counsel by fax and obtained a setting for hearing on the Motion for September 25, 2014, the same time all other Motions are set for hearing, allowing Plaintiff's counsel only ten (10) days to file his response.**

4. This Court has previously denied Defendant's plea to the jurisdiction and granted Plaintiff's Temporary Injunction which remains in effect pending a jury trial.

667

## B. Facts

5. Defendant's Motion to Dismiss and Motion to Dissolve Temporary Injunction Order are nothing more than reiterations of Defendant's Plea to the Jurisdiction and arguments that this Court does not have jurisdiction to enjoin the JP Court. These pleadings are substantially similar to Defendant's Motions for Summary Judgment seeking the same relief, a dismissal of Plaintiff's causes of action.

6. Defendant complains of defects in Plaintiff's pleadings, causes of actions, etc., however has filed no Special Exceptions and has not filed an answer asserting affirmative defenses.

7. Defendant similarly filed a motion for summary judgment based on neither an affirmative defense or counterclaim but merely on a traditional motion for summary judgment alleging that there are no issues of material fact regarding Defendant's legal obligations, their breaches, and damages-alleging as a *matter of law* the Court should grant Defendant's motion for summary judgment. This Court should deny Defendant's motions.

8. This Court heard evidence on June 26, 2014, and based on the Court's discretion in granting Plaintiff a Temporary Injunction on June 26, 2014, this Court should also deny this Defendant's Motions there being no additional evidence for Defendant or any affirmative defenses pled or established *as a matter of law*. Defendant merely reiterates its previous arguments and adds nothing by way of affirmative defenses.

9. Plaintiff requests the Court take judicial notice of the testimony of Plaintiff Myrna Morales at the hearing for Temporary Injunction, June 26, 2014, attached as Exhibit A, hereto incorporated by reference, a copy of the court reporter's transcript of the record attached to Plaintiff's Response to Defendant's Motion for Summary Judgment.

## C. Argument & Authorities

10. Defendant's Motion to Dismiss and Motion to Dissolve Temporary Injunction are the same as a Motion for Summary Judgment therefore this response addresses the same issues of law. A nonmovant in a traditional summary-judgment proceeding is not required to produce summary-judgment evidence until after the movant establishes it is entitled to summary judgment as a matter of law. *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989). In deciding whether there is a disputed issue of material fact that precludes summary judgment, the court takes as true all evidence favorable to the nonmovant. *Limestone Prods. Distrib., Inc. v. McNamara*, 71 S.W.3d 308, 311 (Tex. 2002); *Rh(tm)ne-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). The court must view the evidence in the light most favorable to the nonmovant and must indulge every reasonable inference and resolve all doubts in favor of the nonmovant. *Limestone Prods.*, 71 S.W.3d at 311; *Nixon*, 690 S.W.2d at 549.

11. The court should deny defendant's motions because defendant did not plead any affirmative defenses in its answer. When a defendant relies on an affirmative defense in a motion for summary judgment, it must specifically plead the defense in its answer. *See Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991). Unless defendant amends its answer, it cannot ask for a summary judgment on its unpleaded affirmative defense.

## D. Conclusion

12   Defendant did not file special exceptions to Plaintiff's pleadings and Defendant did not file pleadings establishing affirmative defenses and has offered no new evidence to establish a defense *as a matter of law* therefore its Motion to Dismiss and Motion to Dissolve Temporary Injunction should be denied.   Plaintiff has presented pleadings, evidence and exhibits that establish material issues of fact for a jury to determine.

## F. Prayer

13. For these reasons, plaintiff asks the court to deny defendant's motion for summary judgment.

Respectfully submitted,

NOE ROBLES
956-440-8200
956-440-8205 fax
23331 N. Tamm Lane
Harlingen, Texas 78552
State Bar No. 17118250
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true copy of this Plaintiff's Response to Motion to Dismiss and

Motion to Dissolve Temporary Injunction was this day delivered to Defense counsel

*SELIM H. TAHERZADEH, PLLC, 5080 Spectrum Dr., Suite 1000 East, Addison, Texas*

*75001, via email and regular mail.*

*September 23, 2014.*

NOE ROBLES

# No. 13-14-00644-CV

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI & EDINBURG

_____

**LAREDO NATIONAL BANK D/B/A BBVA COMPASS BANK**
*Appellant,*

v.

**MYRNA ELIZABETH DE LUNA MORALES,**
*Appellee.*

APPENDIX, TAB D

FILED
2014-DCL-02962
10/10/2014 3:32:28 PM
Aurora De La Garza
Cameron County District Clerk
By Carolina Ostos Deputy Clerk
2797539

CAUSE NUMBER 2014-DCL-02962

| | | |
|---|---|---|
| MYRNA ELIZABETH DE LUNA MORALES | § § § | IN THE DISTRICT COURT |
| Plaintiff | § § | |
| v. | § § | 107TH JUDICIAL DISTRICT |
| LAREDO NATIONAL BANK, D/B/A BBVA COMPASS BANK | § § § | |
| | § § | |
| Defendant | § | CAMERON COUNTY, TEXAS |

**COMPASS BANK'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND MOTION TO DISSOLVE TEMPORARY INJUNCTION ORDER**

Compass Bank ("Defendant" or "Compass Bank"), an Alabama Banking Corporation, authorized to do business as BBVA Compass as successor by merger to the Laredo National Bank files this Reply to Plaintiff's Response to Defendant's Motion to Dismiss and Motion to Dissolve Temporary Injunction and would respectfully show the Court as follows:

1. Plaintiff Myrna Elizabeth De Luna Morales requests the Court to deny Defendant's Motion to Dismiss and Motion to Dissolve Temporary Injuction on two grounds. First, Plaintiff claims that the Court should deny the Motions because the Defendant based its Motions on an affirmative defense but failed to file an affirmative defense. Secondly, Plaintiff claims that the Court should deny Defendant's Motions because Defendant failed to file Special Exceptions.

2. Plaintiff fails to state what affirmative defense Defendant based its Motions on. In fact,

Defendant neither filed an affirmative defense nor relied on an affirmative defense in its Motion to Dismiss or Motion to Dissolve. Defendant's is entitled to judgment as a matter of law based of the pleadings and evidence of record, and not based off of an affirmative defense.

3. Plaintiff seems to misunderstand Texas Rule of Civil Procedure 91(a). Said rule allows the Court to dismiss a cause of action that has no basis in law or fact. TRCP 91(a) provides an alternative remedy to Special Exceptions for pleadings that have no basis in law or fact. The fact that Defendant did not file Special Exceptions has no bearing on whether the court should grant its Motion to Dismiss.

4. Plaintiff fails to even respond to the individual reasons the Motion to Dismiss should be granted as a matter of law for each cause of action.

5. Furthermore, Plaintiff fails to respond to the arguments contained in the Motion to Dissolve Temporary Injunction Order or in the Alternative to Modify Order. It is undisputed that the Temporary Injunction Order does not comply with Texas Rules of Civil Procedure 683.

## Conclusion

Even if the Court considers all pleadings in the light most favorable to the Plaintiff, the causes of action have no basis in law or fact. Plaintiff suggests by the Court granting the Temporary Injunction, that the Defendant is thus barred from bringing its Motion to Dismiss. However, each cause of action must stand on its own and even if the Court finds that grounds exist for a Temporary Injunction Order, it does not mean that other causes of action that have no basis in law or fact can survive a Motion to Dismiss. Further, the Plaintiffs failed to respond to the Motion to Dissolve Temporary Injunction. Additional arguments and case law

was provided for the court to consider and thus it once again cannot rely on the previous hearing on the temporary injunction as a defense to the Motion to Dissolve, especially in light of the fact that the Order, as prepared by counsel for Plaintiff, fails to comply with TRCP 683.

Respectfully Submitted,


s/ Selim H. Taherzadeh_____
Selim H. Taherzadeh
Texas Bar Number: 24046944
**Taherzadeh, Pllc**
5080 Spectrum Dr.
Suite 1000 East
Addison, Texas 75001
Telephone:  (469) 791-0445
Facsimile:   (469) 828-2772
Email:  st@taherzlaw.com
**ATTORNEY FOR DEFENDANT**


## CERTIFICATE OF SERVICE

A copy of the foregoing document is being served on the below by certified mail, return receipt requested, first class mail, and electronic mail in accordance with the Texas Rules of Civil Procedure on the 10th day of October, 2014:

Noe Robles
23331 Tamm Lane
Harlingen, TX 78552
nrobleslawoffice@aol.com


s/ Selim H. Taherzadeh_____
Selim H. Taherzadeh

# No. 13-14-00644-CV

---

**IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI & EDINBURG**

---

**LAREDO NATIONAL BANK D/B/A BBVA COMPASS BANK**
*Appellant,*

v.

**MYRNA ELIZABETH DE LUNA MORALES,**
*Appellee.*

---

APPENDIX, TAB E

---

RECEIVED
2014-DCL-02962
10/29/2014 4:58:49 PM
By Carolina Ostos Deputy Clerk
3002629

CAUSE NO. 2014-DCL-02962-A

| | |
|---|---|
| MYRNA ELIZABETH DE LUNA MORALES } | IN THE 107th JUDICIAL |
| Plaintiff, } | |
| } | |
| V. } | |
| } | DISTRICT COURT OF |
| } | |
| } | |
| LAREDO NATIONAL BANK, D/B/A } | |
| AS BBVA COMPASS BANK } | |
| Defendant. } | CAMERON COUNTY, TEXAS |

## ORDER ON
## DEFENDANTS' MOTION TO DISSOLVE TEMPORARY INJUNCTION

After considering DEFENDANTS' MOTION TO DISSOLVE TEMPORARY INJUNCTION, the pleadings, the response, the affidavits, and other evidence on file, the Court DENIES DEFENDANTS' MOTION TO DISSOLVE TEMPORARY INJUNCTION.

SIGNED on October 31, 2014.

_____
JUDGE PRESIDING

FILED 4:00 O'CLOCK P M
AURORA DE LA GARZA, DIST. CLERK

NOV - 3 2014

DISTRICT COURT, CAMERON COUNTY, TEXAS
BY Carolina Ostos DEPUTY

684

# No. 13-14-00644-CV

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI & EDINBURG

_____

**LAREDO NATIONAL BANK D/B/A BBVA COMPASS BANK**
*Appellant,*

v.

**MYRNA ELIZABETH DE LUNA MORALES,**
*Appellee.*

APPENDIX, TAB F

*Texas Court Rules* > *STATE RULES* > *TEXAS RULES OF CIVIL PROCEDURE* > *PART VI. RULES RELATING TO ANCILLARY PROCEEDINGS* > *SECTION 5. Injunctions*

## Rule *683* Form and Scope of Injunction or Restraining Order

Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought. The appeal of a temporary injunction shall constitute no cause for delay of the trial.

**Annotations**

## Notes

*SOURCE:* Federal Rule 65(d), unchanged.
 *Change by amendment effective April 1, 1984:* The last paragraph is added.

PUBLICATION REFERENCES. --See *Texas Litigation Guide*, Ch. 50, *Injunction*.
 See also *Civil Practice & Remedies Code §§ 65.001--65.045*.

## Case Notes

 Antitrust & Trade Law: Trade Practices & Unfair Competition: General Overview
 Banking Law: Consumer Protection: Unfair & Deceptive Credit Practices
 Business & Corporate Law: Corporations: Shareholders: Actions Against Corporations: General Overview
 Business & Corporate Law: Distributorships & Franchises: Causes of Action: Covenants Not to Compete
 Civil Procedure: Justiciability: Mootness: General Overview
 Civil Procedure: Jurisdiction: Subject Matter Jurisdiction: Jurisdiction Over Actions: General Overview
 Civil Procedure: Pleading & Practice: Pleadings: Proceedings in Forma Pauperis: Prisoners: Petitions
 Civil Procedure: Parties: Prisoners: Dismissals of Petitions
 Civil Procedure: Alternative Dispute Resolution: Arbitrations: General Overview
 Civil Procedure: Pretrial Matters: Continuances
 Civil Procedure: Trials: Bench Trials
 Civil Procedure: Trials: Jury Trials: Actions in Equity
 Civil Procedure: Judgments: Entry of Judgments: General Overview
 Civil Procedure: Judgments: Entry of Judgments: Enforcement & Execution: General Overview